**Kenneth T. JONES and Harriet Jones, Plaintiffs,**

v.

**George W. INGLING, Commissioner of Revenue and Taxation, Government of Guam, Defendant.**

**Civ. No. 80–58.**

District Court of Guam.

Jan. 16, 1961.

**429**

J. C. Arriola of Arriola, Bohn & Gayle, Agana, Guam, for plaintiff.

Louis A. Otto, Jr., Atty. Gen., and Leon D. Flores, Island Atty., and John H. Pigg, Deputy Island Atty., Government of Guam, Agana, Guam, for defendant.

GILMARTIN, District Judge.

This is a motion, filed by the defendant on April 28, 1960, to dismiss the present action for lack of jurisdiction over the subject matter. This Court has already denied two motions, filed by the defendant on September 30, 1958, and October 19, 1959, respectively, which were essentially the same as the present motion and which raised the identical question of law which is raised by the present motion and considered herein. In effect, then, this opinion is a reconsideration of this Court's previous position.

The action herein is one for the redetermination of a Guam Territorial income tax deficiency assessed by the defendant. The plaintiffs filed their petition for a redetermination on June 12, 1958.

"The income-tax laws in force in the United States of America * * * [are] held to be likewise in force in Guam." 48 U.S.C.A. § 1421i(a). A portion of the "income-tax laws in force in the United States" is the following:

Within 90 days * * * after the notice of deficiency * * * is mailed * * * the taxpayer may file a petition * * * for a redetermination of the deficiency. * * * 26 U.S.C.A. § 6213(a).

The following statute also provides for an action for the redetermination of an income tax deficiency:

* * * The taxpayer may file a petition with the District Court of Guam for a redetermination of a deficiency within ninety (90) days after the notice of deficiency is mailed * * *. Guam Gov. Code, § 19700, Pub.L. No. 75, 4th Leg., 2d Sess. (March 14, 1958).

Regardless of which of these two statutes is applied, this Court is without jurisdiction to consider the present action. For this reason it is unnecessary to decide which of the two confers jurisdiction to redetermine an income tax deficiency assessment, assuming, only for the sake of argument, that even one of them confers such jurisdiction upon this Court.

Under *both* statutes, 26 U.S.C.A. § 6213(a) and Guam Gov.Code, § 19700, the taxpayer is required to file his petition for a redetermination within ninety days after the notice of deficiency is mailed.

The plaintiffs' "Third Amended Petition," which is the current version of the plaintiffs' petition and which was filed on March 21, 1960, alleges, *inter alia,* that the "purported notice of deficiency * * * was mailed to petitioners by registered mail on September 20, 1957, and on September 23, 1957." As the original petition was filed on June 12, 1958, it was not filed within the ninety-day, statutory period.

The requirement that a petition for a redetermination of an income tax deficiency be filed within the ninety-day, statutory period is jurisdictional. Bloch v. Commissioner of Internal Revenue, 9 Cir., 1958, 254 F.2d 277, 278, certiorari denied 1958, 358 U.S. 30, 79 S.Ct. 9, 3 L.Ed.2d 48; Di Prospero v. Commissioner of Internal Revenue, 9 Cir., 1949, 176 F.2d 76, 77. In the light of this rule, there is a fatal lack of jurisdic-

tion in this Court to entertain the present action, and the defendant is entitled to an order dismissing it.

There is pending herein another motion to dismiss the present action for lack of jurisdiction over the subject matter, filed by the defendant on January 15, 1960. For the same reasons as those given above, the defendant is also entitled to an order granting that motion.

The defendant may submit an order in accordance with this opinion.

It is so ordered.