**Walter G. MURRAY, Plaintiff,**

v.

**George W. INGLING, Commissioner of Revenue and Taxation, Government of Guam, Defendant.**

**Civ. No. 79–58.**

**District Court of Guam.**

Jan. 18, 1961.

E. R. Crain, Agana, Guam, for plaintiff.

Louis A. Otto, Jr., Atty. Gen., Leon D. Flores, Island Atty., and John H. Pigg, Deputy Island Atty., Government of Guam, Agana, Guam, for defendant.

GILMARTIN, District Judge.

This is a motion, filed by the defendant on July 29, 1960, to dismiss the present action for failure of the complaint to state a claim upon which relief can be granted. Because this Court is of the opinion that it is without jurisdiction to entertain the present action, defendant's motion will be treated as one to dismiss the action for lack of jurisdiction over the subject matter. See Miles v. Armstrong, 7 Cir., 1953, 207 F.2d 284, 286. This Court has already denied a motion, filed by the defendant on September 30, 1958, to dismiss the present action, which motion raised the identical question of law considered herein. In effect, then, this opinion is a reconsideration of this Court's previous position.

The action herein is one for the redetermination of a Guam Territorial income tax deficiency assessed by the defendant. The plaintiff filed his petition for a redetermination on June 12, 1958.

"The income-tax laws in force in the United States of America * * * [are] held to be likewise in force in Guam." 48 U.S.C.A. § 1421i(a) (1959 Cum.Ann. Pocket Part). A portion of the "income-tax laws in force in the United States" is the following:

"Within 90 days * * * after the notice of deficiency * * *

**428**

is mailed * * * the taxpayer may file a petition * * * for a redetermination of the deficiency. * * *" 26 U.S.C.A. § 6213(a) (1955 ed.).

The following statute *also* provides for an action for the redetermination of an income tax deficiency:

" * * * The taxpayer may file a petition with the District Court of Guam for a redetermination of a deficiency within ninety (90) days after the notice of deficiency is mailed * * *." Guam Gov.Code, § 19700, Pub.L. No. 75, 4th Leg., 2d Sess. (March 14, 1958).

Regardless of which of these two statutes is applied, this Court is without jurisdiction to consider the present action. For this reason it is unnecessary to decide which of the two confers jurisdiction to redetermine an income tax deficiency assessment, assuming, only for the sake of argument, that even one of them confers such jurisdiction upon this Court.

█ Under *both* statutes, 26 U.S.C.A. § 6213(a) (1955 ed.) and Guam Gov. Code, § 19700, the taxpayer is required to file his petition for a redetermination within ninety days after the notice of deficiency is mailed.

The plaintiff's "Amended Complaint," which is the current version of the plaintiff's petition and which was filed on January 14, 1960, alleges, *inter alia,* that "The notice of deficiency was mailed to the petitioner February 20, 1958 * * *." As the original petition was filed on June 12, 1958, it was not filed within the ninety-day, statutory period.

█ The requirement that a petition for a redetermination of an income tax deficiency be filed within the ninety-day, statutory period is jurisdictional. Bloch v. Commissioner of Internal Revenue, 9 Cir., 1958, 254 F.2d 277, 278, certiorari denied 1958, 358 U.S. 30, 79 S.Ct. 9, 3 L.Ed.2d 48; Di Prospero v. Commissioner of Internal Revenue, 9 Cir., 1949, 176 F.2d 76, 77. In the light of this rule, there is a fatal lack of jurisdic-

tion in this Court to entertain the present action, and the defendant is entitled to an order dismissing it. Jones v. Ingling, D.C.Guam 1961, 190 F.Supp. 428.

The defendant may submit an order in accordance with this opinion.

It is so ordered.