Andrew M. and Maria C. GAYLE,
Petitioners,

v.

Joaquin G. BLAZ, Director, Department
of Revenue & Taxation, Respondent.

Civ. No. 74–114.

District Court of Guam,
Agana, Guam.

April 27, 1977.

Howard G. Trapp, Trapp, Gayle, Teker, Hammer, Lacy & Moore, Agana, Guam, for petitioners.

Philip H. Jacobsen, Deputy Atty. Gen., Agana, Guam, for respondent.

## MEMORANDUM ORDER

DUENAS, District Judge.

Petitioners received a notice of deficiency from the Director of Revenue & Taxation dated February 12, 1974. On May 15, 1974 Petitioners filed with this Court a Petition for Determination of Proposed Deficiencies. Respondent has filed a motion to dismiss the petition for lack of jurisdiction on the ground that the petition was untimely filed.

26 U.S.C.A. Sec. 6213 requires that a petition such as presently before the Court must be filed within 90 days of the date that the notice of deficiency is mailed to the taxpayer if the notice is addressed to a taxpayer inside the United States. Section 19700 of the Government Code of Guam provides that the District Court of Guam shall have the same jurisdiction with regard to the Guam income tax as the Tax Court of the United States has with respect to the United States income tax. Section 19700 further provides that a taxpayer must file a petition for redetermination within 90 days after the notice of redetermination was mailed to the taxpayer.

■ This Court has previously held in *Murray v. Ingling,* 190 F.Supp. 427 (1961) that the income tax laws in force in the United States shall be held to be likewise in force in Guam. See 48 U.S.C.A. Sec. 1421i(a). A petition not filed within 90 days after the mailing of the notice of deficiency is not timely filed in the District Court of Guam. *Jones v. Ingling,* 190 F.Supp. 428 (1961). The 90-day requirement is jurisdictional and if not satisfied leaves the court without jurisdiction to consider the petition. *Bloch v. Commissioner of Internal Revenue,* 254 F.2d 277, 278 (9th Cir. 1958) cert. denied 1958, 358 U.S. 30, 79 S.Ct. 9, 3 L.Ed.2d 48.

The parties concede that the ninetieth day in which to file a petition for redetermination was May 13, 1974 and that the petition was not filed until the ninety-second day, May 15, 1974. However, a dispute as to the facts exists. It is the contention of petitioners' attorney and supported by his affidavit and the affidavit of his secretary that the petition was placed in the mail slot at the post office in Agana, Guam at 6:45 P.M. on May 13, 1974 by the secretary. It is further the contention of the petitioners, again supported by affidavits, that the envelope in which the petition was mailed, was properly addressed and carried a private postage meter mark dated May 13, 1974. Unfortunately the envelope was not saved by the Clerk's Office and it is impossible to verify for certain what postmarks actually appear on the envelope and the dates thereof.

The respondent has presented an affidavit from the Acting Postmaster of Agana, Guam Post Office, in which the Acting Postmaster states that the last pick-up at the Agana Post Office on working days such as Monday, May 13, 1974 is made at 6:30 P.M. The Acting Postmaster also states that items mailed after the last pick-up are postmarked the following date and if the item has been "stamped by a private postage meter with the wrong date it would be recancelled to show the date of mailing."

■ It is also the contention of the petitioners that the petition arrived at the District Court of Guam on May 14, 1974 but for some reason did not get filed by the Clerk until May 15. The Court is of the opinion that it is immaterial whether the petition arrived at the District Court on May 14 or May 15. No evidence has been offered to show that it would be unreasonable to assume that mail deposited late on the afternoon of May 13 would in the normal course of business arrive at the District Court prior to May 15. The Court takes judicial notice of the fact that no mail delivery is provided to customers in Agana and that the time in which an item is received at the District Court is partially determined by the number of times during the day in which a member of the court staff checks the court's post office box and the time of day the box is checked.

26 U.S.C.A Section 7502(a) provides that if any document required to be filed on or before a prescribed date under authority of any provision of the internal revenue laws it is deemed to be filed the date of the United States postmark stamped on the cover in which such document is mailed.

In the case of a cover bearing a postmark other than the one made by a United States Post Office 26 U.S.C.A. Section 7502(b) states:

*(b) Postmarks.—This section shall apply in the case of postmarks not made by the United States Post Office only if and to the extent provided by regulations prescribed by the Secretary or his delegate.*

The Secretary of the Treasury has prescribed Regulation 301.7502–1(c)(iii)(b) as stated:

> (b) If the postmark on the envelope or wrapper is made other than by the U.S. Post Office, (1) the postmark so made must bear a date on or before the last date, or the last day of the period, prescribed for filing the document, and (2) the document must be received by the agency, officer or office with which it is required to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the U.S. Post Office on the last date, or the last day of the period, prescribed for filing the document. However, in case the document is received after the time when a document so mailed and so postmarked by the U.S. Post Office would ordinarily be received, such document will be treated as having been received at the time when a document so mailed and so postmarked would ordinarily be received, if the person who is required to file the document establishes (i) that it was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the U.S. Post Office on or before the last date, or the last day of the period, prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay. If the envelope has a postmark made by the U.S. Post Office in addition to the postmark not so made, the postmark which was not made by the U.S. Post Office shall be disregarded, and whether the envelope was mailed in accordance with this subdivision shall be determined solely by applying the rule of (a) of this subdivision.

The Court has found cases wherein no postage mark appeared on the cover or where the postmark was illegible, however, the Court has found no case in which the envelope has disappeared and is unavailable.

■ The Court is of the opinion that this case should be treated in a manner similar to the situation where the postmark is illegible and that the petitioner should be allowed to present extensive evidence as to the date of the postmark on the cover. *Skolski v. C. I. R.*, 351 F.2d 485 (3rd Cir. 1965). The question of what postmark or postmarks were made on the cover petitioner used and whether his petition was timely filed are questions of fact and must be decided by this Court. *Leventis v. C. I. R.*, 49 T.C. 353 (1968).

The Court has been presented with affidavits from petitioners' counsel and counsel's secretary which state unequivocally that the petition was placed in the mail drop in the lobby of the Agana, Guam Post Office at 6:45 P.M. on May 13, 1974 and that the envelope in which the petition was mailed had been postmarked with a private postage meter with the date May 13, 1974.

The affidavit of the Assistant Postmaster states that any mail deposited after 6:30 P.M. on May 13, 1974 bearing a private postage meter stamp with the date May 13, 1974 would be recancelled with a United States Postage Mark dated the following day, May 14, 1974. If the evidence presented is to be believed by the court and the court finds no reason not to believe the truthfulness of all statements in the affidavits presented then the envelope in which the petitioners' petition was mailed must have carried two postage stamps, the private meter stamp dated May 13, 1974 and the postmark made by the U.S. Post Office dated May 14, 1974.

■ According to Treasury Reg. 301.-7502–1(c)(iii)(b) the postmark made by the private postage meter must be disregarded and the date of the postmark made by the U.S. Post Office will be used to determine if the petition was mailed in a timely manner in accordance with the regulations. The court must reach the conclusion that the petition was thus mailed in an envelope carrying a postmark dated May 14, 1974

and that May 14, 1974 being the ninety-first day after the respondent mailed to petitioners the notice of deficiency, the petition was thus not timely filed.

While this result seems harsh, the risk of postmarking is on the taxpayer. *Rappaport v. C. I. R.,* 55 T.C. 709 (1971).

Respondent's motion to dismiss the petition for lack of jurisdiction is hereby granted.