**Robert L. MYLES and Lillie R. Myles, Plaintiffs-Appellants,**

v.

**COMMISSIONER, I.R.S., Defendant-Appellee.**

**No. 83–8227**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 7, 1983.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, Richard Farber, Elaine F. Ferris, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

The Tax Court dismissed for lack of jurisdiction due to the untimely filing of plaintiffs' petition contesting the deficiencies assessed by the Internal Revenue Service for taxable years 1979 and 1980. We affirm.

The Internal Revenue Service mailed two notices of deficiency to taxpayers Robert and Lillie Myles, plaintiffs in this action, on June 22, 1982, by certified mail. Plaintiffs responded by filing a petition with the tax court. Petitions must be filed or, if mailed, postmarked within ninety days of the mailing of the notice of deficiency, *see* 26 U.S. C.A. § 6213; 26 U.S.C.A. § 7502. This ninety-day limit was clearly indicated on the face of the deficiency notice. The ninetieth day after the mailing of the notice was Monday, September 20, 1982. Plaintiffs' petition was postmarked September 21, 1982, and was received and filed by the Tax Court on September 22, 1982. Thus, the taxpayers were one day late.

Plaintiffs' contend that the Tax Court accepted jurisdiction by accepting the $60 filing fee which was paid by a money order dated September 17, 1982. Although dated September 17, the money order was received with the petition. The postmark date is the earliest date which can be considered for timeliness purposes. The Tax Court correctly dismissed the petition. The only avenue open to taxpayers to contest the deficiency notice is to file suit for refund.

AFFIRMED.