787 F.2d 594
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHN E. WILLIAMS AND DARLENE WILLIAMS, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 84-1608
 United States Court of Appeals, Sixth Circuit.
 3/7/86
 
 AFFIRMED
 U.S.T.C.
 ORDER
 BEFORE: LIVELY, Chief Judge; and JONES and NELSON, Circuit Judges.
 
 
 1
 The petitioners appeal the order of the United States Tax Court dismissing their petition for redetermination of deficiencies for lack of jurisdiction. The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 On November 7, 1983, the District Director of the Internal Revenue Service mailed, by certified mail, notices of deficiencies in the petitioners' income taxes for the taxable years 1977 and 1980. The petitioners sought to challenge those deficiencies by mailing a petition of redetermination to the Tax Court pursuant to 26 U.S.C. Sec. 6213(a). The Tax Court received the petition on February 10, 1984, in an envelope bearing a postmark of February 8, 1984. The respondent filed a motion to dismiss the petition on grounds it was not filed within the 90 day period provided under Sec. 6213(a). The petitioners opposed the motion by submitting an affidavit stating they had placed the petition in the mail on February 6, 1985--the last day for filing a petition in compliance with Sec. 6213(a)--and thus were timely. The Tax Court, per Chief Judge Dawson, rejected that argument and granted the motion to dismiss. This timely appeal followed.
 
 
 3
 There is no dispute in this case that the petition was not received in the tax Court within 90 days of the mailing of the deficiency notices. The petition may still be deemed timely, however, if the envelope containing the petition bore a postmark dated no later than February 6, 1984. See 26 U.S.C. Sec. 7502(a). Here, the envelope was postmarked February 8, 1984. Although the petitioners assert they actually mailed their petition on February 6, the postmark must prevail under Sec. 7502(a). See Shipley v. Commissioner, 572 F.2d 212 (9th Cir. 1977); Drake v. Commissioner, 554 F.2d 736 (5th Cir. 1977). See also Myles v. Commissioner, 719 F.2d 373 (11th Cir. 1983); Deutsch v. Commissioner, 599 F.2d 44 (2d Cir. 1979), cert. denied, 444 U.S. 1015 (1980); Gayle v. Blaz, 432 F.Supp. 1167 (D. Guam 1977). The petitioners also claim an additional three days to mail their petition under the provisions of Rule 6(e), Federal Rules of Civil Procedure. The Civil Rules, however, have no application to proceedings in the Tax Court. Lasky v. Commissioner, 235 F.2d 97 (9th Cir. 1956), aff'd, 352 U.S. 1027 (1957).
 
 
 4
 While the strict application of these statutes may appear harsh, we note the petitioners may still challenge the deficiency determinations by paying the assessments and filing an action for refund in the appropriate district court. Rice v. Commissioner, 572 F.2d 555 (6th Cir. 1978).
 
 
 5
 It is ORDERED that the Tax Court's order of May 29, 1984, dismissing the petitioners' petition for redetermination be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.