[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 21, 2006
THOMAS K. KAHN
CLERK

No. 06-12046
Non-Argument Calendar

_____

U.S. TAX COURT No. 23304-05

OLIVER DAVID SALERY,

Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
United States Tax Court

_____

**(September 21, 2006)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Oliver David Salery appeals *pro se* from the United States Tax

Court's dismissal of his pro se petition challenging the determination of the Commissioner of the Internal Revenue Service ("IRS") that he was liable for income tax deficiencies and penalties for the 2001 tax year.[1]  Salery argues that the Tax Court erred by failing to rule on the merits of his petition, committed fraud, and was biased or prejudiced against him.  The IRS responds that the Tax Court properly dismissed Salery's petition for lack of subject matter jurisdiction because it was untimely as to the notice of deficiency for the 2001 tax year, and there was no other basis for jurisdiction.

We review questions of subject matter jurisdiction *de novo.  Palmer v. Braun*, 376 F.3d 1254, 1257 (11th Cir. 2004).  A taxpayer must file a petition challenging an income tax deficiency within 90 days after the notice of deficiency is mailed to the taxpayer's last known United States address.  26 U.S.C. §§ 6212, 6213(a).  According to this statute, the "timely filing of such a petition is a jurisdictional prerequisite for a suit in the tax court."  *Pugsley v. Comm'r of Internal Revenue*, 749 F.2d 691, 692 (11th Cir. 1985).  Thus, where the petition is untimely, the case should be dismissed.  *Id*. at 692-94; *Myles v. Comm'r, I.R.S.*, 719 F.2d 373, 373-74 (11th Cir. 1983).  Upon dismissal of a late petition for lack of subject matter jurisdiction, the taxpayer's only remedy is to pay the deficiency

_____

[1]Salary mentions, for the first time on appeal, tax years 2000 and 2002.  We find that he waived any arguments regarding the 2000 and 2002 tax years by not raising them in the first instance in the Tax Court.

and bring a refund suit in the United States District Court. *See Sicari v. C.I.R.*, 136 F.3d 925 (2d Cir. 1988).

The record reflects that the notice of deficiency for the 2001 tax year was mailed to Salery's last known Florida address in November 2003, but he did not file his petition challenging that deficiency until December 2005, more than two years later.[2] Therefore, the district court correctly dismissed Salery's petition for lack of subject matter jurisdiction.

**AFFIRMED.**

---

[2]The address listed on the notice of deficiency, sent by certified mail, is the same address indicated on Salery's pleadings in this case.