[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14225
Non-Argument Calendar

_____

Agency No. 8390-08

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 6, 2009
THOMAS K. KAHN
CLERK

O. DAVID SALERY,

Petitioner-Appellant,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
United States Tax Court

_____

(March 6, 2009)

Before BIRCH, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

O. David Salery, proceeding pro se, appeals the Tax Court's dismissal of his

petition for lack of jurisdiction.  After a thorough review of the record, we affirm.

Salery filed a pro se petition disputing "notice of determination concerning collection action" in the U.S. Tax Court alleging that he had received a notice of taxes owed but that no liability in fact existed.[1]  Attached to the petition was a copy of a letter showing that Salery indicated on his 2006 tax return that he owed taxes in the amount of $4,951.  According to the letter, Salery had not paid the taxes owed, thus accruing interest and penalties, for a total amount due of $6983.66.

Salery moved for a hearing, to compel discovery, and to show proof of liability.  Salery also challenged the IRS's jurisdiction over him.  Salery admitted, however, that he had not received a notice of deficiency from the IRS.  He requested that the Tax Court conduct a determination of his liabilities.

Upon a motion by the government, the Tax Court dismissed the petition, finding that there was no valid notice of deficiency and thus there was no jurisdiction to seek redetermination of the deficiency.  Salery moved to vacate the "void" judgment, alleging that the Tax Court judge had committed fraud upon the court.  After the court denied the motion, Salery appealed, arguing that the court and the IRS lacked jurisdiction to impose tax liabilities, and the court violated his due process rights and committed fraud by failing to terminate the tax liens issued

---

[1] This is not Salery's first challenge to his tax liabilities.  See Salery v. C.I.R., 203 Fed. Appx. 251 (11th Cir. 2006) (challenging notice of deficiency for tax year 2001).

against him.[2]

We review issues of jurisdiction de novo. Redeker-Barry v. United States, 476 F.3d 1189, 1190 (11th Cir. 2007). We also review de novo the Tax Court's interpretations of the Internal Revenue Code. L.V. Castle Inv. Group, Inc. v. Comm'r, 465 F.3d 1243, 1245 (11th Cir. 2006).

The Tax Court has jurisdiction over challenges to an IRS determination of income tax liability. 26 U.S.C. §§ 6212(a), 6213(a), 7442. The IRS has the authority to determine the amount of taxes owed and "shall assess all taxes determined by the taxpayer . . . as to which returns or lists are made" under the Internal Revenue Code ("IRC"). 26 U.S.C. § 6201(a)(1). If the IRS determines that there is a deficiency in the amount owed, the IRS must notify the taxpayer of the deficiency. 26 U.S.C. § 6212. The IRC defines deficiency as the difference between the taxpayer's liability (as determined by the IRS) and the liability shown on the taxpayer's return. 26 U.S.C. § 6211. The mailing of a valid notice of deficiency is generally a prerequisite to formal assessment and collection of the deficiency by the IRS.[3] Id. § 6213(a).

A statutory notice of deficiency has a specific, technical meaning. As this

---

[2] To the extent that Salery claims the government had no jurisdiction to assess taxes against him, that argument is without merit. See 26 U.S.C. §§ 6012, 6651, 7701(a)(1).

[3] Alternatively, the IRS may issue a lien and place a levy on property to collect unpaid taxes. As the government explains, no lien has been imposed in this case.

court has explained, the plain language of § 6212(a) requires that the notice, "at a minimum indicate that the IRS has determined that a deficiency exists for a particular year and specify the amount of the deficiency." See Benzvi v. C.I.R., 787 F.2d 1541, 1542 (11th Cir. 1986); see also 26 U.S.C. § 6212(a).

A taxpayer who receives a notice of deficiency may petition the Tax Court for a "redetermination of the deficiency." 26 U.S.C. § 6213(a). Thus, before a taxpayer may petition the Tax Court for a redetermination of deficiency, the IRS first must have notified the taxpayer that it has examined the taxpayer's return and made a deficiency determination. Id. § 6214; Benzvi, 787 F.2d at 1542.

Here, as Salery repeatedly concedes, no notice of deficiency ever issued. Moreover, the letter Salery received cannot be construed as a notice of deficiency because the letter merely identified the amount of taxes owed according to Salery's own tax returns. At no time has the IRS concluded that the amount owed differs from the amount Salery identified on his returns. Thus, the letter does not qualify as a notice of deficiency.

In the absence of such notice, the Tax Court properly determined that it lacked jurisdiction over Salery's petition. Accordingly, we AFFIRM.

4