## DETROIT AUTOMOTIVE PRODUCTS CORP. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11749.

United States Court of Appeals
Sixth Circuit.

April 15, 1953.

George L. Cassidy, Detroit, Mich. (William C. Loud, Detroit, Mich., on the brief), for petitioner.

Frederic G. Rita, Washington, D. C. (Charles S. Lyon, Ellis N. Slack, A. F. Prescott, William L. Norton, Jr., Washington, D. C., on the brief), for respondent.

Before ALLEN, MARTIN and McALLISTER, Circuit Judges.

### PER CURIAM.

The question for decision on this tax review is whether, under section 732(a) of the Internal Revenue Code, 26 U.S.C.A., the taxpayer seasonably filed a petition with the United States Tax Court for a redetermination of its tax liability. The tax court held that petitioner had not done so.

The record shows that, in conformity with the aforementioned section, the peti-

tioning taxpayer had until July 3, 1951, within which to file its petition. The record shows further that, on June 26, 1951, the taxpayer mailed its petition at Detroit, Michigan, to the Tax Court of the United States at Washington, D. C. The mailing list of the tax court, according to its finding of fact, indicates that the petition was filed with the tax court nine days later— that is, on July 5, 1951.

The court found that, although the official files of the tax court ordinarily contain the letter of transmittal of a petitioner and although the original envelope in which the petition is mailed is customarily clipped to the original petition, the official file in the instant case does not contain the transmittal letter or the envelope in which the petition was mailed by the taxpayer.

It seems unreasonable to deduce on the record in this case that a letter, correctly addressed and mailed in Detroit, was not received in Washington within a period of nine days. The tax court expressed its reluctance so to hold, but nevertheless did hold against the taxpayer on this issue. The court pointed out that the American Bar Association has proposed an amendment to the Internal Revenue Code to provide that, if a petition to the tax court is sent by registered mail, it should be deemed filed when mailed; and the comment was made by the court that this would relieve the taxpayer of the uncertainty of prompt mail delivery and would also relieve the tax court of "the unpleasant necessity of making such a distasteful ruling as this." Obviously the tax court regarded its decision as harshly technical.

We think it appropriate to make the observation that at the time the tax court rendered its decision it was perhaps unfamiliar with the holding of this court in Central Paper Company v. Commissioner of Internal Revenue, 6 Cir., 199 F.2d 902, wherein, in reversing the tax court, this court held that when mail matter is properly addressed and deposited in the United States mails, with postage thereon duly prepaid, there is a rebuttable presumption of fact that it was received by the addressee in the ordinary course of mail. We think this principle applies here, and that the tax court has failed

to rebut the presumption that the letter of transmittal in this case, properly addressed and mailed at Detroit, was received in Washington within a period of seven days.

Upon the reasoning of the opinion of this court in the Central Paper Company case, supra, and upon the authorities cited therein, the judgment of the tax court in the instant case is reversed, and the cause is remanded to that tribunal for trial upon its merits.