**Bernard BLOCH, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Nos. 15728, 15731.**

United States Court of Appeals
Ninth Circuit.

March 28, 1958.

Rehearing Denied May 5, 1958.

Bernard Bloch, Detroit, Mich., appellant, in pro. per.

John N. Stull, Acting Asst. Atty. Gen., Elmer J. Kelsey, Lee A. Jackson, Charles B. E. Freeman, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before HEALY, BONE and ORR, Circuit Judges.

ORR, Circuit Judge.

Deficiencies in income taxes were assessed against appellant by the Commissioner of Internal Revenue for the years 1947, 1948, 1952 and 1953. At the time the assessments were made and notice thereof given, appellant was an inmate of Terminal Island Federal Penitentiary.

Appellant prepared petitions for a redetermination of the deficiencies and filed them with the Tax Court. The petitions were dismissed for the reason that they were not filed within the 90-day period required by sections 6213(a) and 7502(a) of the 1954 Code, 26 U.S.C.A. §§ 6213(a), 7502(a); and that therefore the Tax Court lacked jurisdiction to entertain them.

In order to clearly distinguish the two petitions under consideration, we will refer to them by the numbers endorsed thereon in this Court. No. 15,728 refers to the assessment for the years 1952 and 1953, notice of which was mailed to appellant on November 6, 1956. It is established without contradiction that appellant prepared a petition to the Tax Court asking a redetermination of the assessment and on the first day of February 1957, the 87th day after the issuance of the notice of deficiency, placed it in the hands of a prison official known as a "case worker" who had the duty to censor mail sent out by appellant. The petition was mailed in a franked envelope and no postmark appears thereon, but the date of mailing, the 91st day, is learned from a covering letter accompanying the petition. A letter from the Warden addressed to the Tax Court during the time the motion to dismiss was pending states, " * * * but it was not possible to get the cover letter dictated and typed until February 5, 1957 [the 91st day]." In addition the letter from the Warden to the Tax Court further explained, "As you no doubt know, our inmates cannot go to the Post Office to mail letters. I sincerely hope that Bloch

has not lost his case simply because of our method of handling such matters."

In Case No. 15,731, notice of a deficiency for the years 1947 and 1948 was mailed by the Commissioner to Bloch on January 8, 1957. Bloch prepared a petition for redetermination and delivered it to his case worker with mailing fees on March 25, 1957, the 75th day. This petition was notarized by the case worker on April 2, 1957, the 84th day. There was a typed-in date on the jurat of March 25th, but a line was drawn through that date and April 2nd substituted. The postmark on the registered letter containing this petition was dated April 9, 1957, the 91st day; a letter enclosed with this petition in the record and signed by the Chief, Classification and Parole, at the prison stated that " * * * five (5) copies of a paper titled 'Petition' were forwarded to you [sic] Court on March 25, 1957 [1] and five (5) copies of a petition were forwarded to you April 8, 1957 [the 90th day]. We do not know whether either of these refer to docket number 66692 [Case No. 15,731] but, sincerely hope that the petition will not be denied simply because of the delay in getting them out of this institution."

In 1954 Congress added section 7502, which provides: "If any * * * document * * * required to be filed within a prescribed period * * * under authority of any provision of the internal revenue laws is, after such period * * * delivered by United States mail to the agency, officer, or office with which such * * * document is required to be filed, the date of the United States postmark stamped on the cover in which such * * * document is mailed shall be deemed to be the date of delivery. This subsection shall apply only if the postmark date falls within the prescribed period * * * for the filing of the * * * document, determined with regard to any extension granted for such filing, and only if the * * * document was, within the prescribed time, deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, office, or officer with which the * * * document is required to be filed." 26 U.S.C.A. § 7502(a). Section 7502(c) further provides that "If any such * * * document is sent by United States registered mail, * * * the date of registration shall be deemed the postmark date." 26 U.S.C.A. § 7502 (c).

The taxpayer, confined as he was in a penal institution, had his every action circumscribed and controlled by strict prison rules. After preparing his petition for review, he was forced to place it in the hands of a prison case worker for transmission to the Tax Court. The taxpayer could not go to the mailing room and mail his petition. Prison rules required that he deliver it to his case worker. Bloch did so, but the case worker failed to timely carry out the request. It is interesting to note that each of the petitions, although filed at different times, were each processed through the prison mailing room on the 91st day after the date of the notice from the Internal Revenue Service.

It would appear that the case worker must have been ignorant of the 90 day requirement. Otherwise the task of getting the petitions into the mailing room would not have been difficult. The great weight of authority is to the effect that the 90-day requirement is jurisdictional. Jorgensen v. Com'r, 9 Cir., 1957, 246 F. 2d 536; DiProspero v. Com'r, 9 Cir., 1949, 176 F.2d 76; Galvin v. Com'r, 2 Cir., 1956, 239 F.2d 166; Drouin v. Com'r, 3 Cir., 1953, 203 F.2d 953.

Prior to the 1954 amendment the statute required that the petition for redetermination actually be filed with the Tax Court. During the years, situations arose wherein a strict adherence to the wording of the statute would work harsh inequities. The Congress in 1954 made provision to meet such circumstances by providing that the postmark on an envelope containing a petition, if dated

---

1. No further reference to any such second set of papers appears in the case.

within the 90 days, would suffice. The hardships found in the statute sought to be corrected in the 1954 amendment were those occasioned by the failure of the United States mails to function normally. We find no such situation here. In order to so find, it would be necessary to hold that Block in placing his petition in the hands of the case worker thereby performed an act equivalent to posting the letter. It does not appear that the case worker had anything to do with the postmarking and dispatch of the mails. He was not a representative of the Post Office Department. True, he was an employee of the United States Government, but that employment was not such as would connect him with the prison mailing department.

Rich v. Com'r, 5 Cir., 1957, 250 F.2d 170, 172, was a case dealing with a situation similar to that before us. The taxpayer in that case signed and executed a petition and turned it over to the official in charge of the prison mail room properly addressed, with the request that the petition be mailed to the Tax Court by registered mail, and paid the official the necessary postage fee. The warden of that prison informed the Tax Court after the ninetieth day "that a check of the mail records of his office disclosed that the petition was placed in the institutional mail room on May 3, 1956, 'and inadvertently held until today.'" Rich v. Com'r presents a much closer compliance with mailing regulations, but on these facts the Fifth Circuit held the 90 day requirement to be jurisdictional and affirmed the dismissal by the Tax Court.

Section 6213, in effect before the enactment of section 7502 in 1954, then required a petition for redetermination to be filed with the Tax Court within 90 days after notice of deficiency, and while strict compliance as to time was held to be jurisdictional, certain situations arose wherein the courts held a late filing, but timely mailing, would suffice.

In the case of Arkansas Motor Coaches v. Com'r, 8 Cir., 1952, 198 F.2d 189, it was held that where a petitioner acted in good faith in having entrusted his petition to the United States mails for transportation in ample time to be filed within the 90 days, his act of mailing created a strong presumption that the petition had been received in time. The judgment of dismissal was therefore reversed. In Central Paper Co. v. Com'r, 6 Cir., 1952, 199 F.2d 902, it was also held that the presumption of timely receipt after timely mailing would be indulged and the judgment of dismissal was reversed. The case of Detroit Automotive Products Corp. v. Com'r, 6 Cir., 1953, 203 F.2d 785, was to the same effect.

These decisions are mentioned because it is probable that they bore a direct relation in motivating Congress to enact amendments which now appear in § 7502 making provision that the date of the postmark stamped on the cover in which such claim is mailed shall be deemed to be the date of delivery. This amendment was designed to alleviate hardships which had theretofore resulted from failure of the mails to function.

As to the petition in Case No. 15,731, the date of filing is deemed to be the date of the postmark stamped on the cover, the 91st day. In Case No. 15,728 there is no postmark, so other evidence was resorted to in order to determine the date of mailing. The date of the covering letter and the statement of the case worker that he was unable to get it written until the 91st day were the evidence upon which reliance was had in finding that said petition was not filed in time.

From the undisputed evidence it is clear that each petition was one day late. There are no presumptions which we can indulge in appellant's behalf and, unfortunate as it may be for him, we face the legal and factual requirement of affirming the judgment of dismissal entered by the Tax Court.

Affirmed.