Willie A. CURRY, Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Appellee.

No. 76–1061.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 9, 1978.

Decided March 14, 1978.

Andrew Phillip Kline, Richmond, Va. (Hooe & Kline, Richmond, Va., on brief), for appellant.

William S. Estabrook, III, Atty., Tax Div., Dept. of Justice, Washington, D. C. (M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews and Ann Belanger Durney, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BUTZNER and HALL, Circuit Judges.

BUTZNER, Circuit Judge:

Willie A. Curry petitioned the Tax Court for redetermination of deficiencies in income taxes totaling more than $53,000 asserted by the Commissioner of Internal Revenue for the years 1968 through 1971. The Tax Court found that Curry's petition had not been timely filed and dismissed the case for lack of jurisdiction.[1] We reverse.

I

On April 14, 1975, the District Director for the Greensboro, North Carolina, office of the Internal Revenue Service mailed a notice of deficiency to Curry. Title 26 U.S.C. § 6213 permitted Curry to petition the Tax Court for a redetermination of the alleged deficiency within 90 days (i. e., July 14) after the notice had been mailed. On July 8, Curry, a prisoner at Leavenworth Penitentiary, placed a petition for redetermination in the prisoners' mailbox for legal mail. Mistakenly believing the petition to be incorrectly addressed, a staff member at the prison returned it to Curry on July 18. The petition was finally mailed to the Tax Court on July 21, seven days after the deadline.

Letters to the Tax Court from the warden and a senior case manager at Leavenworth acknowledge that the delay in mailing the petition was not attributable to Curry. The case manager wrote, "[a]fter an investigation, it is the judgment of staff that Mr. Curry did attempt to file his petition on or about July 8, 1975, and through no fault of his own, his legal documents were delayed." Based on this evidence and Curry's statements, Judge Aarons of the Tax Court stated in his oral opinion:

[W]e also know for a fact that the Petitioner, an inmate of the federal penitentiary did everything within his power to prepare and mail the petition within the time allowed. He attempted to have it mailed on July 8th, and the timely mailing was prevented by a penitentiary staff member.

Despite Judge Aarons' sympathy for Curry, he felt "bound by the cases cited . . . to grant the Respondent's motion for dismissal for lack of jurisdiction." The principal cases to which he referred are *Bloch v. Commissioner of Internal Revenue,* 254 F.2d 277 (9th Cir. 1958), and *Rich v. Commissioner of Internal Revenue,* 250 F.2d 170 (5th Cir. 1957), in which courts dismissed petitions for redeterminations of deficiencies filed by prisoners under circumstances indistinguishable from those of this case. These courts reasoned that dismissal was mandatory because the 90 day requirement of § 6213 is jurisdictional and because 26 U.S.C. § 7502 which mitigates the harshness of the 90 day limit was inapplicable. Section 7502 provides that when a petition is delivered by United States mail, "the date of the United States postmark stamped on the cover in which . . . [it] is mailed shall be deemed to be the date of delivery . . . ." to the Tax Court. Because the post office department does not administer the internal mail facilities of United States prisons, both the *Bloch* and *Rich* courts felt compelled to dismiss for lack of jurisdiction notwithstanding their sympathy for the victims of a "grossly inequitable situation." *Rich v. Commissioner of Internal Revenue,* 250 F.2d at 175.[2]

II

We conclude that equitable principles founded on sound precedent establish that the Tax Court has jurisdiction over Curry's petition. In *Arkansas Motor*

---

1. The Tax Court's opinion and order are not published.

2. So much has occurred in the 20 years since *Bloch* and *Rich* were decided that we decline to follow them. As we mention in Part II, the Supreme Court has required the courts of appeals to take jurisdiction in situations that do not materially differ from Curry's. *See Fallen v. United States,* 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964). In Part III we discuss the Tax Court's relaxation of its rigid application of 26 U.S.C. § 7502. Finally, in a series of comparatively recent opinions, the Supreme Court has firmly established that prisoners have a constitutional right of access to the courts that cannot be abridged by state or federal officials. *See, generally, Bounds v. Smith,* 430 U.S. 817, 821–25, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).

*Coaches, Ltd. v. Commissioner of Internal Revenue,* 198 F.2d 189 (8th Cir. 1952), the docket showed that the taxpayer's petition was received and filed one day after the deadline. The Tax Court dismissed the petition as untimely filed, but the Eighth Circuit reversed because:

> The petitioner here has done everything in its power that could reasonably be done and is entirely without fault. The fault and negligence was manifestly that of government employees—whether employees in the mail service or employees in the Internal Revenue Department would seem to be immaterial. They were government employees and we think the government should not be permitted to take advantage of the negligence or fault of its own employees to defeat this taxpayer in its efforts to have its day in court. 198 F.2d at 192.

Recognizing these equities and acting without the guidance of § 7502 which had not yet been enacted, the court in effect tolled the running of the statute and directed that the period of governmental delay should be deducted from the date the petition was actually received.[3]

Like the Arkansas Motor Coach company, Curry did everything within his power to file his petition on time. Based on ample evidence the Tax Court found him without fault. That the delay in filing was the fault of employees of the Bureau of Prisons rather than those of the Post Office or Internal Revenue Service offers no rational distinction between Curry's situation and the Coach company's. Prison officials are government employees, and in accordance with *Arkansas Motor,* the government should not be permitted to take advantage of the conduct of its own employees to defeat Curry's efforts to have his day in court.

The government argues that *Arkansas Motor* is inapplicable here because it was decided before enactment of § 7502 and

because it concerned a question over which the Tax Court had exclusive jurisdiction. We believe these distinctions are immaterial. Section 7502 was enacted "to eliminate the random distribution of hardships occasioned by variations in postal performance." *Sylvan v. Commissioner,* 65 T.C. 548, 554 (1975). It dealt with the problem of late mail delivery, the most common governmental cause of delayed petitions, but there is no indication that this legislation was intended to repudiate *Arkansas Motor's* fundamental rationale that the government should not be allowed to frustrate a taxpayer's access to court.

Because the Tax Court had exclusive jurisdiction over cases concerning excess profits liability, the taxpayer in *Arkansas Motor* could not present its claim in any forum if its petition for redetermination by the Tax Court was filed late. In contrast, the government says Curry could pay the alleged deficiency and sue for a refund in district court. A similar argument was implicitly rejected in *Sylvan v. Commissioner,* 65 T.C. 548, 566 (1975) (Drennen, J., dissenting). Furthermore, this alternative is illusory because Curry, who qualified financially for court-assigned counsel, presumably could not pay his $53,000 deficiency. Having created a choice of petitioning for a redetermination in the Tax Court, the government should not be permitted to deny a taxpayer that option when one of its own employees prevents timely filing.

A Supreme Court decision concerning an analogous situation also supports our conclusion that Curry's petition should be deemed timely filed. *Fallen v. United States,* 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964), involved a notice of appeal from a criminal conviction which had to be filed within 10 days. Fallen placed his notice in the prison mail within 10 days, but it did not arrive on time because of the prison's mail pickup schedule.

---

**3.** Before the enactment of § 7502, the Sixth Circuit also relied on essentially equitable principles to reverse orders of the Tax Court dismissing petitions for lack of jurisdiction when late filing was caused by governmental delay.

*See, e. g., Detroit Automotive Products Corp. v. Commissioner of Internal Revenue,* 203 F.2d 785 (6th Cir. 1953); *Central Paper Co. v. Commissioner of Internal Revenue,* 199 F.2d 902 (6th Cir. 1952).

Noting that the 10 day requirement was jurisdictional, the Court of Appeals dismissed the appeal. *Fallen v. United States,* 306 F.2d 697 (5th Cir. 1962). But the Supreme Court reversed because,

> [A]lthough the Government had the opportunity, it introduced no evidence—and admitted on oral argument that it had none—to dispute the record facts that petitioner had done all that could reasonably be expected to get the letter to its destination within the required 10 days. Since petitioner did all he could under the circumstances, we decline to read the Rules so rigidly as to bar a determination of his appeal on the merits. 378 U.S. at 144, 84 S.Ct. at 1692.

The government attempts to distinguish *Fallen* by observing that the Internal Revenue Code's jurisdictional provisions do not. contain the equivalent of Rule 2 of the Rules of Criminal Procedure which directed a construction of fairness and sympathy. But no such admonition is required for a court to interpret a statute to reach what is admittedly the fair result when such a construction is reasonable. Furthermore, Curry's case would present a constitutional issue concerning his right of access to the courts secured by the due process clause of the fifth amendment if his petition were dismissed under these circumstances. Hence, by deeming Curry's petition timely filed, we follow the familiar course of avoiding a constitutional decision when a case may be disposed of fairly on other grounds. *See Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 341, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concurring).

### III

■ As an alternative ground for our decision, we hold that even if § 7502 is the exclusive means of mitigating the 90 day requirement, Curry's petition was timely filed. Liberally construed as a remedial statute, § 7502 requires the Tax Court to deem that Curry's petition was delivered on July 8, 1975, because on that date he did everything within his power to place the petition in the United States mail.

*Skolski v. Commissioner of Internal Revenue,* 351 F.2d 485 (3d Cir. 1965), and *Sylvan v. Commissioner,* 65 T.C. 548 (1975), support this interpretation. In *Skolski,* the Third Circuit held that when a postmark is illegible because smudged, other evidence of the date of mailing may be presented. *Sylvan* held that when a petition arrives through the mail but bears no postmark, evidence concerning what the postmark would have been is admissible.[4] The court said, "We have no doubt whatsoever that the petition herein was timely mailed and would have been timely postmarked but for an error on the part of the post office." 65 T.C. at 550. Similarly, Curry's petition was timely deposited in the prisoners' mailbox, and it would have been timely postmarked but for the error of a prison official responsible for transmitting prisoner mail.

*Skolski* and *Sylvan* deal with situations not explicitly considered by Congress because the absence of postmarks was not anticipated. Congress also apparently did not consider the plight of a prisoner who must place his petition in a prison mailbox. *Skolski* and *Sylvan* suggest that § 7502 should be construed to provide: if a petition lacking a postmark is timely mailed, it should be deemed timely delivered. We agree with Judge Brown that given this congressional purpose, a prisoner's petition must be deemed timely mailed under § 7502 when the record shows that he did all he could to mail his petition by depositing it on time with the agents of the United States government responsible for his mail. *Rich v. Commissioner of Internal Revenue,* 250 F.2d 170, 177 (5th Cir. 1957) (Brown, J., dissenting).

### IV

In reaching this result, we emphasize that abundant evidence, including letters from prison officials, supported the Tax Court's

---

**4.** In *Sylvan* the Tax Court overruled *Rappaport v. Commissioner,* 55 T.C. 709 (1971), one of the cases on which it relied when it dismissed Curry's petition.

finding that Curry attempted to mail his petition on time and that its timely delivery was prevented by a penitentiary staff member. This opinion should not be construed to suggest that a prisoner may avoid the requirements of § 6213 by an uncorroborated claim that he placed his petition in the institution's mail system within the 90 day deadline.

We therefore conclude that Curry's petition should be deemed timely filed and that the Tax Court should take jurisdiction to decide his case on the merits. Accordingly, we vacate the order of dismissal and remand the case for further proceedings.

K. K. HALL, Circuit Judge, dissenting:

Respectfully I dissent. The Tax Court sympathized with the plaintiff and struggled to find a way to grant him relief, but could fine none. The statute is crystal clear. The Tax Court was correct in holding that the § 6213 requirement that the petition be in the mail within 90 days is jurisdictional. Congress enacted § 7502 to make clear that the postmark stamped on the envelope shall be deemed to be the date of delivery. The 90-day requirement was not changed.

Where the language of a statute is clear, as here, and there is no constitutional question involved, it is not the province of this court to "help out" Congress by making exceptions. The majority, in an effort to bring about a just and equitable result, has overstepped the dividing line and legislated. There is no twilight zone between the branches of government here. We are plainly in legislative territory.

I join the majority in sympathizing with the taxpayer. However, if the law needs amending, let Congress do it.