NATHANAEL AND JANE R. HARWOOD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harwood v. Commissioner
Docket No. 1424-78.
United States Tax Court
T.C. Memo 1979-54; 1979 Tax Ct. Memo LEXIS 471; 38 T.C.M. (CCH) 219; T.C.M. (RIA) 79054; February 14, 1979, Filed Michael G. West, for the petitioners. John O. Tannenbaum, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This motion to dismiss for lack of jurisdiction was assigned to and heard by Special Trial Judge Murray H. Falk. The Court agrees with and adopts his opinion which is set forth below. [1]
*472 OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction filed April 3, 1978. Respondent contends that the petition herein was not filed within the period prescribed by section 6213(a), Internal Revenue Code of 1954[2] and, consequently, the Court lacks jurisdiction to entertain it. Respondent determined deficiencies in petitioners' federal income taxes and additions to tax under section 6653(a) for the taxable years and in the amounts set forth in the following table: Addition to tax Taxable year ended
Tax
under sec. 6653(a)
December 31, 1972
$ 48,702
$ 2,435
December 31, 1973
$ 19,964 $ 998
December 31, 1974
$ 13,425 $ 671
On November 11, 1977, respondent mailed a notice of deficiencies to petitioners by certified mail addressed to their last known address, at Wilbraham, Massachusetts. On Monday, February 13, 1978, 94 days after the notice of deficiencies was mailed to petitioners, this Court received *473 and filed the petition herein. The envelope in which the petition was enclosed was mailed from Boca Raton, Florida, by certified mail and postmarked on February 10, 1978, a Friday, 91 days after the notice of deficiencies was mailed. The ninetieth day, Thursday, February 9, 1978, was not a holiday in the District of Columbia. The facts set forth above are undisputed. Petitioners, nevertheless, seek relief from the 90-day time limit prescribed for filing the petition in the light of the facts set forth below, which are also undisputed. After receiving the notice of deficiencies, petitioners referred the matter to their accountant in Springfield, Massachusetts, to prepare the petition to this Court. Petitioners subsequently went to Florida, having made arrangements with their accountant to forward the petition to them in Florida for their execution and mailing to the Court for filing. On February 6, 1978, in Springfield, the accountant deposited the petition for mailing, special delivery, to petitioners at Boca Raton, Florida. On that day, much of the northeastern part of the United States was struck by a blizzard. As a result of the storm, transport of mail by truck from the *474 Springfield post office to Bradley International Airport in Windsor Locks, Connecticut (the route such mail takes) was suspended from about noon on February 6 until about noon on February 8 and Bradley International Airport, itself, was closed to outgoing traffic at approximately 5:45 on the afternoon of February 6 until about 6:00 p.m. on February 7. Because of the delay in the mails occasioned by the storm, the petition did not arrive at Boca Raton until the morning of February 10. Immediately upon its receipt, petitioners executed the petition and mailed it to the Court. First of all, we note that we do not have the jurisdiction of a court of equity. Hays Corp. v. Commissioner,40 T.C. 436, 443 (1963), affd. 331 F.2d 422 (7th Cir.), cert. denied 379 U.S. 842 (1964). "The Internal Revenue Code, not general equitable principles, is the mainspring of [our] jurisdiction." Commissioner v. Gooch Co.,320 U.S. 418, 422 (1943). Section 6213(a), in relevant part, provides that a taxpayer may file a petition with this Court within 90 days after the notice of deficiency is mailed. Section 7502 provides that a petition received *475 after the 90th day but mailed on or before the 90th day is deemed filed on the date of the United States postmark stamped on the cover in which the petition is mailed. As petitioners, themselves, state in their brief in opposition to this motion, sections 6213 and 7502 require that taxpayers must mail their petitions to this Court for filing within the 90-day period commencing with the date of mailing the notice of deficiencies to them. [Emphasis supplied.] Timely filing (or mailing, when the date of mailing is deemed to be the date of filing) of the petition is jurisdictional. Healy v. Commissioner,351 F.2d 602 (9th Cir. 1965). See Wiese v. Commissioner,70 T.C. 712 (1978); Shipley v. Commissioner,572 F.2d 212, 214 (9th Cir. 1977) (per curiam), affg. a Memorandum Opinion of this Court; Sylvan v. Commissioner,65 T.C. 548, 551-552 (1975). As we said in Estate of Moffat v. Commissioner,46 T.C. 499, 501 (1966): The postmark date here is legible and that date was December 30, which was the 91st day after the notice of deficiency was sent by certified mail. Consequently, the only conclusion *476 that can be reached under these circumstances is that the petition was not timely filed, this Court has no jurisdiction, and the case must be dismissed. We see the situation here as being significantly different from that which prevailed in Curry v. Commissioner,571 F.2d 1306 (4th Cir. 1978), cited by petitioners. There, the prisoner-petitioner did everything within his power to place the petition in the mail to this Court in time. See Hollister v. Commissioner,T.C. Memo. 1979-35. Petitioners place the blame for the late filing of their petition here solely on the blizzard. But, they have some responsibility for having chosen to be in Florida during this critical period in the matter of their tax liabilities for these years; their accountant has some responsibility for not having prepared and mailed the petition to them for execution earlier; and they all have some responsibility for not taking action to assure timely filing of a substitute for the petition which was in the mails to petitioners when the blizzard hit. [3]
*477 The facts in Anselmo v. James,449 F. Supp. 922 (D. Mass. 1978), cited by respondent, were equally if not more compelling than those here, yet the district court there held for the government, concluding with a statement which applies here, as well: "Having waited so long, and taken the risk of unforeseen consequences of their own delay, they [the taxpayers] should not now be heard to complain of the Great Blizzard." 449 F. Supp. at 927. Respondent's motion will be granted. * * *
In accordance with the foregoing, An appropriate order will be entered.
Footnotes
1. Inasmuch as this is a preliminary jurisdictional motion, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. Counsel for the parties were heard on oral argument.
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. By way of example, we suggest that when petitioners' accountant and petitioners saw and heard of the events which caused the delay in the mails, the petition could have been reproduced in Massachusetts and taken by hand to petitioners in Florida on February 9, after the roads and the airport were reopened, for execution and timely mailing for filing, or the petition could have been dictated over the telephone by petitioners' accountant in Massachusetts to petitioners or someone else in Florida for transcription and execution there in time for proper filing.↩