PATRICK WAYNE WOODS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Woods v. Commissioner
Docket No. 20587-90
United States Tax Court
T.C. Memo 1991-433; 1991 Tax Ct. Memo LEXIS 482; 62 T.C.M. (CCH) 652; T.C.M. (RIA) 91433; September 4, 1991, Filed *482 Patrick Wayne Woods, pro se. Sherri L. Munnerlyn, for the respondent. DAWSON, Judge. DAWSON
MEMORANDUM OPINION This case was assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b) and Rule 180 et seq. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition herein was untimely filed. Respondent determined a deficiency in petitioner's Federal income tax of $ 14,999, plus additions to tax under section 6653(a)(1) and (2), for the taxable year 1983, in a notice of deficiency mailed on April 3, 1987. The petition was filed on September 13, 1990. The address to which the notice *483 of deficiency was mailed was 8918 South Menlo Avenue, Los Angeles, California 90044 (the Menlo address). [2]
Petitioner filed his Federal income tax return for 1983 on or about April 15, 1984, reflecting an address of South Wilmington Avenue, Compton, California (the Wilmington address). On or about April 15, 1986, he filed his 1985 Federal income tax return reflecting the Menlo address. Prior to April 18, 1986, petitioner was convicted of a crime in Federal District Court and served a period of time in a Federal penitentiary. Subsequent to his release therefrom, he was convicted by the State of California of grand theft on April 18, 1986, and, on May 16, 1986, was sentenced to imprisonment for 3 years, less time served. The notice *484 of deficiency was mailed at a time when petitioner was incarcerated by the State of California. Petitioner contends, and respondent does not dispute, that he did not receive the notice of deficiency at the time of the mailing. However, some time in 1987, petitioner became aware of the assessment of a deficiency with regard to 1983. Attached to the petition was a letter from respondent dated December 18, 1987, referring to petitioner's inquiry of September 24, 1987. Respondent's letter was addressed to petitioner at a post office box in Susanville, California, which apparently was the mailing address of petitioner's wife. In 1985, petitioner had filed a petition in bankruptcy under chapter 13, which case was voluntarily dismissed by him. Subsequently, on September 24, 1985, petitioner filed a second petition under chapter 13, which petition set forth the Menlo address. On February 28, 1986, the chapter 13 proceeding was converted to a chapter 7 proceeding on petitioner's motion. On that document petitioner also listed his address as the Menlo address. On February 19, 1987, petitioner filed in the chapter 7 proceeding a document, which he had prepared, entitled Notice of Appeal, *485 that also stated that he resided at the Menlo address. Attached to the Notice of Appeal was petitioner's declaration in which he stated "however at the present time I am incarcerated * * *," but did not set forth any address with regard to his incarceration. To the extent that the bankruptcy filings may have been served upon respondent, from which respondent may have been able to search for petitioner's address, no address except the Menlo address was disclosed. The bankruptcy case was dismissed on February 1, 1989. It is well settled that to maintain an action in this Court, there must be a valid notice of deficiency and a timely filed petition. Monge v. Commissioner, 93 T.C. 22, 27 (1989); Pyo v. Commissioner, 83 T.C. 626, 632 (1984). A valid notice of deficiency is issued if it is mailed to the taxpayer's last known address by certified or registered mail. Actual receipt of the notice of deficiency is not required if it is mailed to the last known address. King v. Commissioner, 857 F.2d 676, 681 (9th Cir. 1988), affg. on other grounds 88 T.C. 1042 (1987); United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984). *486 Respondent is entitled to treat the address on a taxpayer's most recently filed return as the last known address in the absence of clear and concise notification from the taxpayer directing respondent to use a different address. Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988). Petitioner bears the burden of proving that the notice of deficiency was not mailed to his last known address. Yusko v. Commissioner, 89 T.C. 806, 808 (1987); Rule 142(a). In this case the most recently filed return, as of the date of issuance of the notice of deficiency for 1983, was the 1985 Federal income tax return which reflected the Menlo address. Petitioner admitted that he did not file a 1986 return, having been incarcerated for most of 1986. Accordingly, in the absence of clear and concise notification to respondent of a different address, respondent mailed the notice of deficiency to petitioner's last known address, and lack of receipt thereof is irrelevant. None of the evidence submitted by petitioner shows that clear and concise notification of a new address was provided to respondent. Most of the evidence upon which petitioner relies occurred subsequent *487 to the mailing of the notice of deficiency. For example, respondent's response to petitioner's inquiry concerning the assessment for 1983 was on December 18, 1987. Moreover, petitioner alleges that he filed an amended 1983 Federal income tax return (showing the Wilmington address) and that it was filed in December of 1987. That document also, if filed, would not have given respondent notice of a change of address in April of 1987. Accordingly, we hold that the notice of deficiency was mailed to petitioner's last known address. The pendency of petitioner's bankruptcy proceeding from September 24, 1985, through its dismissal on February 1, 1989, barred petitioner from filing a petition with this Court during such period. 11 U.S.C. sec. 362(a)(8) (1988). The 90-day period for filing his petition in this Court began to run when the bankruptcy proceeding was dismissed. 11 U.S.C. sec. 362(c)(2) (1988). Therefore, a timely petition would have had to have been filed by Tuesday, May 2, 1989. Thus, the petition filed on September 13, 1990, was clearly untimely. Finally, petitioner argues that this case should not be dismissed under the authority of Curry v. Commissioner, 571 F.2d 1306 (4th Cir. 1978). *488 In Curry, the taxpayer was incarcerated at Leavenworth Penitentiary when the notice of deficiency was mailed. The evidence in that case reflected that the taxpayer timely placed a petition in the prisoners' mailbox in accordance with the prison's mailing procedures, but a staff member of the prison returned the petition to the taxpayer on the mistaken belief that the taxpayer had used an incorrect address. The subsequent remailing of the petition was untimely, being 7 days late. Under those circumstances the Court of Appeals held that the taxpayer's petition was deemed to have been timely mailed under section 7502. However, in Curry, supra at 1309-1310, the Court of Appeals stated: In reaching this result, we emphasize that abundant evidence, including letters from prison officials, supported the Tax Court's finding that Curry attempted to mail his petition on time and that its timely delivery was prevented by a penitentiary staff member. This opinion should not be construed to suggest that a prisoner may avoid the requirements of section 6213 by an uncorroborated claim that he placed his petition in the institution's mail system within the 90 *489 day deadline.
In the instant case, petitioner does not contend that he placed the petition in the prison mail system within the appropriate 90-day period. Accordingly, the Curry decision is not applicable in this case. Respondent's motion to dismiss for lack of jurisdiction will be granted. An appropriate order will be entered. Footnotes
1. Except as otherwise indicated, all section references are to the Internal Revenue Code, as amended. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent also mailed a copy of the notice of deficiency to a North Carolina address. Neither party contends that such address was petitioner's last known address. The North Carolina address may have been the address of petitioner's former wife, but that fact is not relevant here.↩