PELL T. COLLINS AND ALICE COLLINS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Collins v. Commissioner
Docket No. 16833-91
United States Tax Court
T.C. Memo 1993-168; 1993 Tax Ct. Memo LEXIS 177; 65 T.C.M. (CCH) 2435; 17 Employee Benefits Cas. (BNA) 1315; April 19, 1993, Filed *177 For petitioners: Leonard J. Witman. For respondent: Caroline Ades-Pierri. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $ 40,045 in petitioners' Federal income tax for 1987 and an addition to tax of $ 12,014 under section 6659A. All section references are to the Internal Revenue Code in effect for 1987, and all Rule references are to the Tax Court Rules of Practice and Procedure. The deficiency and addition to tax resulted from respondent's disallowance of petitioners' pension plan deduction, an issue that is the subject of a "pension actuarial" litigation project in this Court. See, e.g., Citrus Valley Estates, Inc. v. Commissioner, 99 T.C.     (1992). Pursuant to Rule 141(b), however, a separate trial was conducted with respect to petitioners' contention that the statute of limitations bars assessment of the deficiency. The statute of limitations issue is the subject of this opinion. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Long Valley, New Jersey, at the time their petition was filed. *178 Petitioners filed a Form 1040, U.S. Individual Income Tax Return, for the taxable year 1987. The return reported a $ 4,986 overpayment of tax and directed that the overpayment be applied to petitioners' 1988 estimated tax. Petitioners' 1987 return was stamped received by the Internal Revenue Service (IRS) on May 26, 1988. On May 23, 1991, respondent sent to petitioners a statutory notice of deficiency for 1987. In the statutory notice, respondent determined that petitioners were not entitled to deduct a total of $ 104,013 as contributions to pension plans reported on their 1987 return and that petitioners were liable for an overvaluation addition to tax under section 6659A. Petitioners' Federal return for 1987 and their Federal estimated tax forms, as well as their State of New Jersey income tax returns and estimated tax forms (1040ES), were prepared by certified public accountants. The accountants transmitted the Federal and State of New Jersey returns and estimated tax forms to petitioners with instructions for filing by April 15, 1988. The accountants' instructions to petitioners stated, in part, "We recommend that you obtain and preserve proof of timely filing by use of *179 certified mail with postmarked receipts." Petitioners prepared a check dated April 11, 1988, in the amount of $ 8,414 as the first installment on their 1988 Federal estimated tax, which, in addition to the overpayment of $ 4,986 reported on their 1987 Form 1040, equaled the quarterly installment of $ 13,400 calculated by their accountants. Petitioners' check was sent to the IRS at Newark, New Jersey, with a Form 1040ES, was negotiated by the IRS, and was endorsed by petitioners' bank on April 16, 1988. Petitioners filed with the IRS a Form 5500EZ, Annual Return of One-Participant (Owners and Their Spouses) Pension Benefit Plan, for 1987. The Form 5500EZ reflected contributions received totaling $ 104,013 and was dated by petitioners on May 16, 1988, and stamped received by the IRS on May 18, 1988. Petitioners' 1986, 1988, 1989, 1990, and 1991 tax returns, and any payments made for amounts due on those returns, were timely. Petitioners retained some receipts for certified mailing of returns to the IRS and to the State of New Jersey for years other than 1987, but petitioners retained no receipt for mailing of their 1987 return to the IRS. Petitioners' 1987 Federal income tax return *180 was mailed to the Brookhaven Service Center, Holtsville, New York. At that service center, mail is taken from the loading dock into the mailroom. In the mailroom, the mail is processed through a special machine that stamps every envelope with the current date. The machine also separates the mail by bar code, if the envelope contains a bar code. Envelopes without a bar code are put into a separate tray. Mail is then sorted into envelopes containing checks and envelopes not containing checks. When registered or certified mail is received in the service center in Holtsville, it is individually processed through the dating machine by the mail carrier. The envelopes are not opened until they are received in the extracting and sorting section of the mailroom. The mail is then extracted, and the contents are date stamped. Timely forms sometimes are not date stamped, but returns received on or after the due date are always date stamped. When a return comes in and has to be date stamped, the envelope is attached to the return. The service center did not, however, retain the envelope in which petitioners' 1987 Federal income tax return was received. OPINION Section 6501(a), generally, *181 imposes a 3-year limitation on the assessment of tax, beginning with the date of filing of the return to which the tax relates. Because no exceptions to that 3-year period apply in this instance, assessment of the deficiency in issue here is barred by the statute of limitations unless the notice of deficiency was sent within 3 years of the date of the filing of the return. Sec. 6503(a)(1). For purposes of determining the commencement of the period of limitations for assessment of tax, a return is filed when it is delivered to and received by the IRS. Walden v. Commissioner, 90 T.C. 947, 951 (1988), and cases cited therein. Section 7502(a) provides in pertinent part: (a) General Rule. -- (1) Date of Delivery. -- If any return * * * required to be filed, * * * within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return * * * is required to be filed, * * * the date of the United States postmark stamped on the cover in which such return * * * is mailed shall *182 be deemed to be the date of delivery * * *. (2) Mailing requirements. -- This subsection shall apply only if -- (A) the postmark date falls within the prescribed period or on or before the prescribed date -- (i) for the filing (including any extension granted for such filing) of the return * * * [and] * * * (B) the return * * * was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return * * * is required to be filed * * *.
* * * (c) Registered and Certified Mailing. -- (1) Registered mail. -- For purposes of this section, if any such return * * * is sent by United States registered mail -- (A) such registration shall be prima facie evidence that the return * * * was delivered to the agency, officer, or office to which addressed, and (B) the date of registration shall be deemed the postmark date.
(2) Certified mail. -- The Secretary is authorized to provide by regulations the extent to which the provisions of paragraph (1) of this subsection with respect to prima facie evidence of delivery *183 and the postmark date shall apply to certified mail.
A return is timely under section 7502 if the taxpayer establishes a timely postmark on the envelope in which the return was mailed. Estate of Wood v. Commissioner, 92 T.C. 793, 796 (1989), affd. 909 F.2d 1155 (8th Cir. 1990); see Miller v. United States, 784 F.2d 728 (6th Cir. 1986); Deutsch v. Commissioner, 599 F.2d 44, 46 (2d Cir. 1979); Bloch v. Commissioner, 254 F.2d 277 (9th Cir. 1958). In this case, Mrs. Collins testified that petitioners' Federal returns were always filed in accordance with the accountants' instructions, although she provided no specific recollection of mailing petitioners' 1987 return. Although petitioners retained return receipts for other mailings to the IRS and to the State of New Jersey taxing authorities, they could not produce a certified or registered mailing receipt for their 1987 Federal return. Because petitioners' check for estimated taxes was separately sent with Form 1040ES to Newark, New Jersey, we can draw no inference about actual *184 mailing of the Form 1040 from timely negotiation of the check. At most, we can say that there was no apparent reason not to mail the return by April 15. Respondent's witness testified in great detail about the procedures for handling mail at the Brookhaven Service Center in Holtsville, New York. Because petitioners' return was stamped received over a month after the due date, according to respondent's witness, the envelope in which the return was mailed should have been attached to the return. The witness could only speculate that the envelope was lost. We cannot determine from the evidence whether there was a breakdown in petitioners' habit of mailing their Federal income tax returns on time or in the Commissioner's procedure of date stamping returns on the date that they are actually received by the service center and retaining the envelope if a return is not timely. Respondent did, however, introduce other evidence, including the stamp on the face of the return as filed and the transcript of petitioners' account, showing receipt of petitioners' return on May 26, 1988. The expiration of the period of limitations on assessment is an affirmative defense, and petitioners must *185 plead that defense, which they did here, and carry the burden of proving its applicability. Rules 39, 142(a); Coleman v. Commissioner, 94 T.C. 82, 89-90 (1990); Adler v. Commissioner, 85 T.C. 535, 540 (1985). The date of mailing of the statutory notice is not disputed in this case. Petitioners, therefore, must show that their return was filed more than 3 years prior to May 23, 1991. Without proof of delivery to the IRS prior to that date, or of a postmark or receipt bringing them within the provisions of section 7502, petitioners cannot carry that burden. We hold, therefore, that the statute of limitations does not bar assessment of the deficiency determined in the statutory notice sent to petitioners for 1987. So that the substantive pension actuarial issue may be resolved, An appropriate order will be issued.