T.C. Memo. 1997-167


UNITED STATES TAX COURT


JOHN B. MARKHAM, Petitioner <u>v</u>. COMMISSIONER
OF INTERNAL REVENUE, Respondent


Docket No. 23398-96.                    Filed April 7, 1997.


John B. Markham, pro se.

<u>Stuart Spielman</u>, for respondent.


MEMORANDUM OPINION


FAY, <u>Judge</u>:  This case was assigned to Special Trial Judge
Robert N. Armen, Jr., pursuant to the provisions of section
7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with

---

[1]  All section references are to the Internal Revenue Code,
as amended, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction, filed December 23, 1996.

Background

Respondent mailed duplicate original notices of deficiency (the notice of deficiency) to petitioner on July 26, 1996.  In the notice of deficiency, respondent determined that petitioner is liable for additions to tax for the taxable years and in the amounts as follows:

| | Additions to Tax | | |
|---|---|---|---|
| | | | Penalty |
| Year | Sec. 6653(b) | Sec. 6651(f) | Sec. 6663 |
| 1988 | $4,472.25 | -- | -- |
| 1989 | -- | $10,953.75 | -- |
| 1990 | -- | 15,451.50 | -- |
| 1991 | -- | 11,513.25 | -- |
| 1992 | -- | 6,417.00 | -- |
| 1993 | -- | -- | $828.75 |
| 1994 | -- | -- | 2,616.00 |

Respondent mailed the notice of deficiency to petitioner at two different addresses:  (1) RD1, Box 254, Chenango Forks, New York 13746 (the Chenango Forks address), and (2) #06471052, P.O. Box 2000, Unit 1, Lewisburg Camp, Lewisburg, Pennsylvania 17837 (the Lewisburg address).  Respondent did not mail a copy of the notice of deficiency to any authorized representative.

The notice of deficiency that was mailed to the Chenango Forks address is undated.  The record does not reveal whether the

notice of deficiency that was mailed to the Lewisburg address was also undated.[2]

Petitioner filed a petition for redetermination (the petition) with the Court on October 30, 1996.[3] The petition, signed by petitioner, is dated October 25, 1996. The petition states that petitioner received the notice of deficiency in August 1996. Attached to the petition is a copy of the notice of deficiency that was mailed to the Chenango Forks address.[4]

The petition arrived at the Court in an envelope bearing the return address label of Kenneth P. Whiting, an attorney from Binghamton, New York. The envelope bears a private postage meter postmark label that appears to have been inadvertently cut in half from top to bottom. The portion of the postmark date appearing on the label that is missing is the month of mailing. The portion of the postmark date that remains reads "25 '96", thus indicating that the envelope was mailed in 1996 on the 25th day of some month. We are also able to discern from the postmark that the city of origin is Binghamton, New York. Considering all of the circumstances, we are satisfied that the private postage

---

[2] The copy of such notice that was retained by respondent in her administrative file is dated July 26, 1996.

[3] At the time that the petition was filed, petitioner was incarcerated at the Lewisburg Prison Camp in Lewisburg, Pennsylvania (the Lewisburg prison camp).

[4] The record does not include a copy of the notice of deficiency mailed to the Lewisburg address.

meter postmark date on the envelope containing the petition is October 25, 1996, the date that the petition was signed.

As indicated, on December 23, 1996, respondent filed a Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not filed within the 90-day period prescribed by section 6213(a) or section 7502.  Attached to respondent's motion is a copy of Postal Service Form 3877, which shows that duplicate notices of deficiency were mailed to petitioner on July 26, 1996.

On January 10, 1997, petitioner filed a reply to respondent's motion asserting that the Commissioner bears the burden of proving the date that a notice of deficiency is mailed. Petitioner's reply further states:

> When Petitioner actually received the notice the prison was in a complete shut-down.  Circumstances that Petitioner could not control.  As soon as possible, Petitioner retained a lawyer for the purpose of formulating a petition.  The lawyer [formulated] the petition and mailed it to the Petitioner for approval and signature.  Again, the mail was not delivered timely and a lot of time was wasted, waiting on the prison personnel.  After reading the petition and signing it, there was more delays in getting the petition out of the prison and into the main stream of postal items.

Respondent's motion was called for hearing in Washington, D.C., on February 26, 1997.  Counsel for respondent appeared at the hearing and presented argument in support of respondent's motion.  Petitioner filed a Rule 50(c) statement with the Court contesting the merits of respondent's determination.

Discussion

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer at the taxpayer's "last known address". Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). The taxpayer, in turn, has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date that the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a).

Based upon the Postal Service Form 3877 attached to respondent's motion to dismiss, and petitioner's statement in his petition that he received the notice of deficiency in August 1996, we are satisfied that respondent mailed the notice of deficiency to petitioner on July 26, 1996. See Coleman v. Commissioner, 94 T.C. 82, 90-91 (1990). Moreover, the fact that petitioner received an undated notice of deficiency does not preclude respondent from asserting that the petition was not

timely filed.[5]  See <u>Casqueira v. Commissioner</u>, T.C. Memo. 1981-428; <u>Hurst, Anthony & Watkins v. Commissioner</u>, 1 B.T.A. 26 (1924).

The 90-day period for filing a timely petition with the Court expired on Thursday, October 24, 1996.  As previously noted, the private postage meter postmark date on the envelope containing the petition is October 25, 1996.  Because the petition was neither mailed nor filed with this Court within the 90-day period prescribed in section 6213(a) and section 7502, it therefore follows that this case must be dismissed for lack of jurisdiction.

Although petitioner does not dispute that the notice of deficiency was mailed to him at his last known address, petitioner makes vague and wholly unsubstantiated claims that his failure to file a timely petition is attributable to delays in the mail system of the Lewisburg prison camp.  Given petitioner's statement that he received the notice of deficiency in August 1996, petitioner had, at a minimum, nearly 2 months to file a timely petition with the Court.  He has not established the date on which he deposited his petition in the prison mail system.  Nor has he shown that delays in the prison mail system caused him to file an untimely petition.  See, e.g., <u>Curry v. Commissioner</u>,

---

[5] It should be recalled that the record does not reveal whether the notice of deficiency that was mailed to the Lewisburg address was also undated; however, the copy of such notice that was retained by respondent in her administrative file is dated.

571 F.2d 1306, 1309-1310 (4th Cir. 1978); <u>Woods v. Commissioner</u>, T.C. Memo. 1991-433, affd. without published opinion 967 F.2d 597 (9th Cir. 1992).

Consistent with the foregoing, we shall grant respondent's motion to dismiss for lack of jurisdiction on the ground that petitioner failed to file a timely petition for redetermination.[6]

To reflect the foregoing,

<u>An order granting</u>

<u>respondent's Motion to Dismiss</u>

<u>for Lack of Jurisdiction will</u>

<u>be entered</u>.

---

[6] Although petitioner cannot pursue his case in this Court, he is not without a legal remedy. In short, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in the Federal District Court or the U.S. Court of Federal Claims. See <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 (1970).