I. J. ROSENBERG, TRANSFEREE, BANKERS SECURITY COMPANY, TRANSFEROR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 78062, 78410. Promulgated May 17, 1935.

*E. C. Pommerening, Esq.*, for the petitioner.
*J. K. Johnston, Esq.*, for the respondent.

OPINION.

SEAWELL: This is a motion by respondent to dismiss this proceeding on the grounds that the Board of Tax Appeals is without jurisdiction to hear and determine the same. The facts are not in dispute.

On September 11, 1934, the Commissioner of Internal Revenue mailed, in the manner provided by law, a notice to the petitioner reading as follows:

IT : E : Aj
COP–21695–90D

SEP 11 1934.

Mr. I. J. ROSENBERG,
    *Transferee, 2477 North Grant Boulevard, Milwaukee, Wisconsin.*

Sir: In accordance with the provisions of Sections 270(a) and 280 of the Revenue Act of 1926, and Sections 273(a) and 311 of the Revenue Act of 1928, there has been assessed against you a deficiency in taxes, penalties and interest amounting to $108,594.50, due from the Bankers Security Company, Milwaukee, Wisconsin, for the years 1925 to 1928, inclusive, the details of which are set forth in the statement attached.

This assessment represents your liability as transferee of the assets of the Bankers Security Company, Milwaukee, Wisconsin.

In accordance with Section 274(a) of the Revenue Act of 1926 and Section 272(a) of the Revenue Act of 1928, as amended by Section 501 of the Revenue Act of 1934, notice is hereby given of the deficiency mentioned. Within ninety days (Not counting Sunday or a legal holiday in the District of Columbia as the ninetieth day), from the date of the mailing of this letter, you may file a petition with the United States Board of Tax Appeals for a redetermination of the deficiency.

[Signature]

Enclosure:
    Statement.

On December 10, 1934, the Clerk of the Board received a telegram reading as follows:

BU MILWAUKEE WISC 239p Dec 10 1934

U S BOARD TAX APPEALS
    REPORT DELIVERY LOCK BOX 485
    WASHINGTON DC
FILE THIS AS TENTATIVE PETITION I J ROSENBERG TRANSFEREE
IT : E : AJ COP 21695
435p                        E C POMMERENING

The Clerk of the Board stamped the telegram as received December 10, 1934, marked it " Incomplete " and filed it as petitions are filed with the Board, giving it the number 78062.

On December 19, 1934, a Division of the Board entered the usual order in cases where the petition filed is considered incomplete and the filing fee is not paid, as follows:

The petitioner instituted this proceeding by the filing of one copy of a statement wherein it was alleged that the Commissioner had erred in his determina-

tion of a deficiency against the said petitioner. The Board was unable to make service of a copy of said petition upon the Commissioner so that he might answer, as required by the Rules of Practice, a copy of which is now furnished to said petitioner; and said petitioner having failed to pay to the Board the filing fee of Ten Dollars ($10) as authorized by Section 904 of the Revenue Act of 1926 and as required by Rule 8 of the Board's Rules of Practice, it is

ORDERED, that the petitioner prepare and file an original and four copies of a proper petition in accordance with the Board's Rules of Practice, and pay the fee of Ten Dollars for the filing of said petition, or show cause, if any there be, on or before January 30, 1935, at 9:30 a. m., why this proceeding should not be dismissed for failure properly to prosecute.

On January 25, 1935, the Clerk of the Board received through the mail and filed as No. 78410, a petition captioned " I. J. Rosenberg, Transferee, Bankers Security Co., Transferor, Petitioner, *v.* Commissioner of Internal Revenue, Respondent ", in which petitioner stated: " The above named petitioner hereby petitions for a redetermination of the deficiency set forth by the Commissioner of Internal Revenue in his notice of deficiency, Bureau Symbols IT: E: Aj COP 21695-90D, dated September 11, 1934 and as the basis of his proceeding alleges as follows ".

There follows, *inter alia*, the statement that "3. A tentative petition was filed herein on December 10, 1934 ", a statement of the taxes in controversy, allegation of error of the Commissioner, a statement of the alleged facts and prayer for relief, and a copy of the 90-day deficiency notice of the Commissioner copied above, but not the detailed statement referred to therein. The petition is signed by petitioner and sworn to by him and also signed " E. C. Pommerening, Counsel for Petitioner." The filing fee of $10, referred to in the order to show cause, was paid.

On February 20, 1935, the Assistant General Counsel of the Bureau of Internal Revenue filed the motion to dismiss, now and herein being heard, which reads as follows:

#### MOTION TO DISMISS

Comes now the respondent by his attorney, Robert H. Jackson, Assistant General Counsel for the Bureau of Internal Revenue, and moves that the petition in the above entitled proceeding be dismissed and for grounds of motion states:

That under Section 274 (a) of the Revenue Act of 1926 as subsequently amended, the Board of Tax Appeals has no jurisdiction to entertain the appeal since it appears of record that more than 90 days elapsed between the date of the mailing of the notice of deficiency (September 11, 1934), and the filing of the above-entitled petition (January 25, 1935).

[Signature]

The jurisdiction of the Board of Tax Appeals is entirely statutory (*Clois L. Greene*, 2 B. T. A. 148, 149), and one of the requisites, which is not less important than any other specified, is that the

taxpayer file with the Board a petition for a redetermination of the deficiency. Section 272 (a) of the Revenue Acts of 1928 and 1932, in part, is as follows:

(a) *Petition to Board of Tax Appeals.*—If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 [now 90—Revenue Act of 1934— section 501] days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. * * *

There is here no controversy that the Commissioner determined the deficiency and sent his notice thereof to the taxpayer by registered mail, and that within 90 days thereafter a telegram, as set out above, was sent to the Board and filed with it as an incomplete petition. The particular question here is, Was the telegram " a petition for a redetermination of the deficiency " such as is required by the statute? Incidentally, it may be noted the telegram was not signed by the taxpayer and the attorney whose name is signed to it does not designate himself as attorney or in any other way appearing on the telegram claim authority to represent the taxpayer. It may be further noted that upon the argument of this motion before the Board the same attorney stated: " The petitioner, I. J. Rosenberg, is at present incarcerated in the State's prison at Waupun for a violation of the Banking Act of the State of Wisconsin. The son of petitioner came to our office about a week before the time had expired on the 90-day letter. * * * I told him that a petition had to be filed signed by his father. He went to Waupun, * * * and attempted to see his father, but was not permitted to see his father at that time. He waited and he went again and he was unable to see his father, and waited a little too long, and then sent this telegram."

From the foregoing, it would seem the taxpayer not only did not himself sign or send the telegram to the Board, but that he knew nothing about it and had not authorized either his son or the attorney to file it for him. Jurisdiction can not be supplied to the Board by a vicarious filing of a petition in behalf of a taxpayer. *Percy N. Powers*, 20 B. T. A. 753, 755. Respondent, however, does not rest his contention solely upon this ground, but contends and insists that the telegram was not in any case " a petition for a redetermination of a deficiency " required by the statute to be filed in order to supply jurisdiction in the Board to hear and determine the controversy.

In the case of *F. O. Statler*, 27 B. T. A. 342, relied on by petitioner, the telegram there filed as " a petition for a redetermination of the deficiency ", disclosed an " appeal against assessment " under the Commissioner's deficiency notice of a certain date, identified by sym-

bols, amount and years of the deficiencies, and stating the grounds upon which the appeal was made. There was an order entered requiring the petitioner to show cause why the proceeding should not be dismissed for failure to properly prosecute and for failure to pay the filing fee. Petitioner paid the filing fee and filed a proper amended petition. Respondent moved, as here, to dismiss the proceeding. The Board denied respondent's motion upon the authority of *Peruna Co.*, 11 B. T. A. 1180, and *Krueger Broughton Lumber Co.*, 18 B. T. A. 1270. In the *Peruna* case respondent had mailed petitioner a 30-day notice on April 12, 1925, and also a deficiency notice on June 12, 1925. Within 60 days after the mailing of the deficiency notice petitioner filed its petition asking a review of " a proposed additional assessment of income and profits tax for the calendar year 1920 ", referring to the 30-day instead of the deficiency notice, both of which dealt with the same tax. There was no question that the document filed was " a petition for a redetermination of the deficiency." Respondent's motion to dismiss was denied. In the *Krueger Broughton Lumber Co.* case an appeal was timely filed, but in some way, not pointed out in the opinion, the Board's rules of practice were not complied with and the filing fee was not paid. Opportunity was afforded petitioner at once to remedy these defects, which was promptly done within the time allowed.

There is a difference between a defective statement of a cause of action and a statement of a defective cause of action. In the three cases mentioned there may have been a defect in the statement of, but not in the cause of action. Each claimed within the time permitted a redetermination of the Commissioner's determination of a deficiency. Counsel for petitioner makes the point that the Board in its order to show cause dated December 19, 1934, recited that petitioner " alleged that the Commissioner erred in his determination of a deficiency against petitioner." This was *pro forma*, and not actually true and obviously gave the Board no jurisdiction of the proceeding.

The telegram filed for petitioner in this proceeding disclosed no " appeal against assessment " and no request for any redetermination of any deficiency. No interpretation of the telegram can supply such defect. The statute does not purport to give jurisdiction to the Board upon the filing of a *tentative* " petition for a redetermination of a deficiency." If the word *tentative* had been some word of tautological meaning, it might be treated as mere surplusage and ignored, but it is a word limiting and restricting the meaning of the word petition. As defined in Webster's Dictionary, tentative means: " 1. Of, pertaining to, or based on, a trial or trials; experimental; as, a *tentative* theory. 2. Making trial; testing." It seems to be synonymous with the word provisional used in the sense of

a temporary makeshift for the time being. It is as if the taxpayer had said: "File this as a petition (although it is not a petition) until I get ready or until the Board, by a notice to show cause, orders me to file a real petition as required by the statute." By no fair interpretation can the document be treated as "a petition for a redetermination of a deficiency." To allow it to be so treated would be to invite the mere statement of an intention to file a petition at some subsequent time to be accepted as a present filing of a petition. This would be in plain annulment of the letter and intention of the statute. The Commissioner is required, before proceeding by distraint or otherwise to collect a deficiency in tax, to give to the taxpayer the notice such as he gave in this case. And thereafter he is prohibited from proceeding for 90 days; and, if a petition for a redetermination of the deficiency has been filed, then until the decision of the Board has become final. These provisions of the law were intended for the benefit of the taxpayer. If he will enjoy that benefit he must do so in the way the law provides. As said in the case of *Percy N. Powers, supra*, " Certainly it was not intended in bestowing a concession of this magnitude that its benefits could be secured by any means other than strict compliance with the letter of the law."

The motion to dismiss is allowed.

Reviewed by the Board.