134# 134

134**GREENAN et al. v. COMMISSIONER OF INTERNAL REVENUE.**

134**No. 10653.**

134Circuit Court of Appeals, Ninth Circuit.

134Oct. 16, 1944.

134Writ of Certiorari Denied Feb. 26, 1945.

134See 65 S.Ct. 685.

134

134Geo. B. Thatcher and Thatcher & Woodburn, all of Reno, Nev., for petitioner.

134Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, A. F. Prescott, and Melva M. Graney, Sp. Assts. to Atty. Gen., for respondent.

134Before GARRECHT, DENMAN, and HEALY, Circuit Judges.

134GARRECHT, Circuit Judge.

134The question presented here is whether the Tax Court erred in dismissing the proceedings as it related to taxpayer Edith Greenan on the ground that she had not verified the petition and had not made herself a party to the proceeding.

134On May 7, 1943, the Commissioner of Internal Revenue had determined a deficiency income tax liability against the taxpayers for the tax years 1935, 1936 and 1938. Within the ninety day period a petition for redetermination of the deficiency was filed in the Tax Court. The petition was signed by counsel and verified by James O. Greenan, one of the taxpayers. The petition recites:

134"5. *That petitioner Edith Greenan has no knowledge of or concerning the matters and things herein alleged or of or concerning the alleged deficiency income tax the subject hereof.*

134"6. *That hereinafter the word 'petitioner' will be deemed to refer only to the petitioner James O. Greenan unless the contrary affirmatively appear.*" [Italics our own.]

134The verification recites that James O. Greenan makes this verification "on his own behalf and on behalf of Edith Greenan" and "that Edith Greenan has no knowledge of or concerning the matters and things involved herein."

134The Tax Court is authorized by law to prescribe its own rules of practice and procedure. Section 1111, 26 U.S.C.A. Int. Rev.Code.

134Rule 6 of the Rules of Practice before the Tax Court of the United States, 26 U.S. C.A. Int.Rev.Code following section 5011, requires that the above petition shall contain:

134"* * *

134"(g) The signature of the petitioner or that of his counsel.

134"(h) A verification by the petitioner; provided that where the petitioner is sojourning outside the United States or is a non-resident alien, the petition may be verified by a duly appointed attorney in fact, who shall attach to the petition a copy of the power of attorney under which he acts and shall state in his verification that he acts pursuant to such power, that such power has not been revoked; that petitioner is absent from the United States * * *." Section 21,554, Prentice-Hall, Federal Tax Service, Volume 2.

The Tax Court's Rules of Practice state the verification must be by the taxpayer, *except where the taxpayer is outside of the United States.* This court has already held that the verification must be by the petitioner and if not by the petitioner, the verification must conform to the requirements of Rule 6 of the Rules of Practice. Marie E. Schwartz v. Com'r, 9 Cir., 140 F.2d 956. The case against the taxpayer here is even stronger than in the Schwartz case. The petition here does not even purport to be the petition of Edith Greenan.

The cases relied upon by the petitioner can all be distinguished from the case at the bar because in those cases the answers had been filed and the cases had proceeded to trial before the motion to dismiss was made. The answer in this case was filed on the same day that the motion to dismiss was filed as to Edith Greenan. We believe that the objections to the petition as to Edith Greenan were not waived by filing an answer at the same time. This is reasonable procedure when we consider that the Commission is willing to answer the petition and proceed to trial as to the petitioner James O. Grennan. In our opinion the Tax Court properly dismissed the proceeding as to Edith Greenan. The petition was not that of Edith Greenan within the meaning of the Tax Court's regulations.

Affirmed.