GEORGE JOANNOU, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 83363.  Filed February 11, 1960.

*Glen E. Hardy, Esq.*, and *W. B. Riley, Esq.*, for the respondent.

#### OPINION.

MURDOCK, *Judge:* The Commissioner has moved to dismiss this
proceeding for lack of jurisdiction. The parties were heard on that
motion and have filed briefs.

The Commissioner duly mailed a notice of deficiency to the peti-
tioner on June 23, 1959. A taxpayer receiving such a notice has 90
days within which to file a petition with the Tax Court in order to
give this Court jurisdiction under the Code. The 90th day in this
case was September 21, 1959, and on that day the Tax Court received
a document of which the following is an exact copy:

THE TAX COURT OF THE UNITED STATES

GEORGE JOANNOU,
    PETITIONER

       v.

COMMISSIONER OF INTERNAL REVENUE,
    RESPONDENT

Docket No. _____

MOTION FOR EXTENSION OF TIME

Comes now the petitioner by his attorney, GOLDY M. ROSEN, and moves
that this Court extend the time of ninety (90) days previously granted to
reply to a determination of income tax liability for an additional thirty (30)
days, or October 21, 1959.

In support of this motion, counsel for the petitioner shows that her as-
sistant, who has been working up the details of the facts in this case, was
hospitalized for a period ended August 23, 1959 and there was no other as-
sistant in her office sufficiently familiar with this proceeding to undertake to
prepare all the facts pertaining in this matter, and that as a result of his
absence, he will be unable to prepare on time the pertinent facts necessary to
file said petition.

WHEREFORE, it is prayed that this motion be granted.

[s] _____

GOLDY M. ROSEN
*Attorney for Petitioner*
225 West 34th Street
New York 1, New York

That was the only thing received by the Tax Court within the 90-day period relating in any way to a proceeding to contest a deficiency determined against George Joannou.

The jurisdiction of the Court, therefore, depends upon whether or not that document can be regarded as a petition. The Commissioner contends that it cannot be regarded as a petition filed within the 90-day period in order to give the Tax Court jurisdiction because it is perfectly clear from the document itself that it was not intended and does not purport to be a petition but on the contrary was intended to be and is a motion to permit the later filing of a petition. There can be no doubt from the document that this reasoning of the Commissioner is sound and since no petition was filed within the 90-day period the proceeding must be dismissed for lack of jurisdiction.

The Tax Court has no authority to extend the 90-day period fixed by Congress as the period within which the petition must be filed in order to give the Tax Court jurisdiction. *Rich* v. *Commissioner*, 250 F. 2d 170, affirming a dismissal by the Tax Court of a proceeding for lack of jurisdiction. The Tax Court in that case received a letter from an attorney within the 90-day period enclosing a check for $10 as a filing fee and advising the Court that a petition had been prepared and forwarded to his client (an inmate of the Federal penitentiary at Danbury, Connecticut) for signature and mailing to the Court. The petition was not filed within the 90-day period. The Court of Appeals for the Fifth Circuit said: "This is a hard case presenting a grossly inequitable situation, but neither the Tax Court nor this Court has any authority to relieve the taxpayer from the clear jurisdictional requirements of the law." The facts in the present case are not distinguishable in principle from those in the *Rich* case. See also *Bloch* v. *Commissioner*, 254 F. 2d 277.

There was no pending proceeding before the Court in which a motion could be filed and the employee of the Court who received the so-called MOTION FOR EXTENSION OF TIME, not knowing what to do with it, consulted the Clerk of the Court. He, apparently, communicated in some way with Goldy M. Rosen and explained to her that there was no proceeding before the Court in which such a motion could be filed and the Court had no authority to grant such a motion in any event. But however that may be, the Clerk of the Court received on September 23, 1959, the 92d day after the mailing of the notice of deficiency, a telegram indicating that it was sent from Garden City, New York, at 6:45 p.m. on September 22, the 91st day after the mailing of the notice of deficiency. The body of the message is as follows:

RE: GEORGE JOANOU, PETITIONER VX. COMMISSION OF INTERNAL REVENUE RESPONDED PLEASE DOCKET MOTION FOR EXTENSION. OF TIME AS IMPERFECT PETITION. WILL MOVE TO AMEND AND PERFECT PETITION AS SOON AS POSSIBLE. THANK YOU

GOLDY M. ROSEN ATTORNEY FOR PETITIONER

Goldy M. Rosen, in her brief on behalf of the petitioner, in referring to this telegram, states that it "partially explains the ambiguity in the admittedly imperfect 'Motion for Extension of Time' by requesting that it be docketed as an imperfect petition to be amended when the information necessary to file a completed petition was obtained" and argues, "It would be in the interest of justice for the Court to be liberal in extending its jurisdiction in this instance and permitting the amended petition to be argued and decided on the merits." The Court tries to be liberal in regarding documents filed with it within the 90-day period as petitions, but it has no right to be liberal in extending its jurisdiction. Rule 7(c)(3) of the Court's Rules of Practice expressly provides that no telegram will be recognized as a petition. *I. J. Rosenberg*, 32 B.T.A. 618. This one came after the 90-day period had expired and cannot help the petitioner in any way.

Attached to a document filed on October 9, 1959, as "PETITION" is a copy of the notice of deficiency. It appears that it was addressed to "Mr. George Joannou and Mrs. Dora Joannou, Husband and Wife," one original having been sent to George at his address in New York and another sent to Dora at her address in Florida. Apparently they were not living together at that time and the Commissioner's action was in accordance with section 6212(b)(2). Dora filed a timely petition with the Tax Court solely on her own account. The argument is made that the filing of a timely petition by Dora in some way aids the petitioner in this case, but there is no merit in this since within the 90-day period no petition on behalf of George was filed as required by the Internal Revenue Code. Cf. *Greenan* v. *Commissioner*, 145 F. 2d 134, certiorari denied 324 U.S. 848.

The proceeding will be dismissed for lack of jurisdiction.