GEORGE S. STORELLI AND JILL STORELLI, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 32228-85.          Filed March 24, 1986.

*Jan S. Neiman*, for the petitioners.

---

*John F. Hernandez* and *Will E. McLeod*, for the respondent.

## OPINION

DRENNEN, *Judge*: Respondent's motion to dismiss for lack of jurisdiction filed herein was assigned to Special Trial Judge Francis J. Cantrel for hearing, consideration, and ruling thereon.[1] After a review of the record, we agree with and adopt his opinion which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

CANTREL, *Special Trial Judge*: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction filed on October 4, 1985. Respondent seeks dismissal on the ground that the petition was not filed within the time prescribed by section 6213(a) or 7502.[2]

Respondent in his notice of deficiency issued to petitioners on May 25, 1984, determined the following deficiencies in petitioners' Federal income tax for the taxable calendar years 1978 to 1981, inclusive:

| Years | Income tax |
|-------|-----------|
| 1978  | $72,949   |
| 1979  | 48,572    |
| 1980  | 19,548    |
| 1981  | 21,364    |

The record is clear that respondent mailed the notice of deficiency on May 25, 1984, by U.S. certified mail (No. 311020) to petitioners at their last known address pursuant to section 6212.

Section 6213(a), which permits the filing of petitions with this Court, provides in part:

Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * *

---

[1]This case was assigned pursuant to sec. 7456(d)(4), Internal Revenue Code of 1954 as amended and Rule 180, Tax Court Rules of Practice and Procedure.

[2]All section references are to the Internal Revenue Code of 1954 as amended.

The 90th day after the mailing of the notice of deficiency was August 23, 1984, which date was not a legal holiday in the District of Columbia. The petition herein, which is dated July 25, 1984, was received and filed by the Court on August 22, 1985, 454 days after the mailing of the notice of deficiency. Petitioners' counsel mailed the petition by U.S. certified mail, and the cover in which the petition was received is postmarked August 19, 1985, 451 days after the mailing of the notice of deficiency. The record in this case shows that the petition did not bear an original signature by petitioners' counsel and, in fact, was a photocopy of an original petition dated July 25, 1984. A careful search of the Court's records revealed that the original petition was never received by the Court.

Petitioners filed a response to respondent's motion on November 18, 1985, wherein they opposed the motion on the basis that a petition was mailed by U.S. certified mail to the Tax Court on July 26, 1984, prior to the expiration of the period for filing a petition with the Court. Attached to their response were the affidavits of Jan S. Neiman, petitioners' counsel, and Jeanne Ferris, the office manager of the counselor's law firm. (Exhibits A and B.) The affidavits aver, inter alia, that a petition was prepared on July 25, 1984, which was mailed by U.S. certified mail (No. P 705 329 436) on July 26, 1984.

A hearing on respondent's motion was conducted in Washington, D.C., on December 18, 1985. No appearance was made by or on behalf of petitioners; however, a Rule 50(c) statement was filed on December 17, 1985.[3] In their Rule 50(c) statement, petitioners urge the Court to deny respondent's motion on the ground that the petition was timely filed in accordance with section 7502 since the original petition was placed in the U.S. mail on July 26, 1984. It is petitioners' position that the mailing of the petition on July 26, 1984, constituted a proper filing to confer jurisdiction on this Court. In support of their position, additional exhibits were attached to petitioners' Rule 50(c) statement including:

---

[3]All Rule references are to the Tax Court Rules of Practice and Procedure.

Exhibit A: a copy of the law firm's check register showing check No. 4094 payable to the U.S. Tax Court;

Exhibit B: a copy of the law firm's photocopy log showing that photocopies were charged to petitioners on July 26, 1984;

Exhibit C: a copy of the law firm's postage log showing that $2.62 was charged to petitioners for private meter postage charged to petitioners on July 26, 1984;

Exhibit D: a copy of the law firm's clients' ledger verifying charges made to petitioners' account on July 26, 1984; and

Exhibit E: a copy of the law firm's bank reconciliation showing that check No. 4094 has not been paid.

Petitioners were unable to produce a copy of their certified mail sender's receipt.[4]

Respondent, by and through his motion and at the hearing at Washington, D.C., on December 18, 1985, urges that we dismiss this case on the ground that the petition received by the Court was filed 454 days after the mailing of the notice of deficiency. With respect to the original petition dated July 25, 1984, which was never received by the Court, respondent argued that petitioners are not in compliance with the regulations regarding prima facie evidence of delivery in the case of a petition mailed by certified mail (sec. 301.7502-1(d)(1), Proced. & Admin. Regs.) since petitioners have not provided the Court with their certified mail sender's receipt.[5] On this record we must and do agree with respondent.

The burden of proving that this Court has jurisdiction is upon petitioners. *Cassell v. Commissioner*, 72 T.C. 313, 317-318 (1979); *Harold Patz Trust v. Commissioner*, 69 T.C. 497, 503 (1977), and cases cited therein.

A petition for redetermination of a deficiency must by filed with this Court within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency is mailed to a taxpayer. Sec. 6213. The time provided for the filing of a petition with this Court is jurisdictional and cannot be extended. Failure to file within the prescribed period requires that the petition be dismissed for lack of jurisdiction. *Blank v. Commissioner*, 76 T.C. 400, 403 (1981); *Estate of Rosenberg v.*

---

[4]This was confirmed by the Court in a telephone conference call with counsel for the parties on Jan. 23, 1986.

[5]We are unaware of any reported Tax Court cases interpreting sec. 301.7502-1(d)(1), Proced. & Admin. Regs., with respect to prima facie evidence of delivery.

*Commissioner*, 73 T.C. 1014, 1016-1017 (1980); *Estate of Cerrito v. Commissioner*, 73 T.C. 896, 898 (1980); *Stone v. Commissioner*, 73 T.C. 617, 618 (1980); *Estate of Moffat v. Commissioner*, 46 T.C. 499, 501 (1966).

Filing is completed when the petition is received by the Court, unless the exception provided in section 7502 applies. *Sylvan v. Commissioner*, 65 T.C. 548, 550 (1975). Congress enacted section 7502 to alleviate the hardships resulting from the failure of the mail to function properly, i.e., alleviate hardships resulting from variations in postal procedures when a document is timely mailed. *Sylvan v. Commissioner, supra* at 551.[6]

Section 7502(a) provides as a general rule that if the petition is delivered to the Tax Court by U.S. mail in an envelope properly addressed, postage prepaid "the date of the United States postmark stamped on the cover" in which such petition is mailed "shall be deemed to be the date of delivery" of the petition to the Court, and hence the filing date. The provisions of section 7502(a) are applicable, however, only if the petition is delivered to the Court. Sec. 301.7502-1(d)(1), Proced. & Admin. Regs. See *Deutsch v. Commissioner*, 599 F.2d 44, 46 (2d Cir. 1979), affg. an order of dismissal by this Court, cert. denied 444 U.S. 1015 (1980).[7]

In the case of a petition sent by U.S. registered mail, section 7502(c)(1) provides that "such registration shall be prima facie evidence that the return, claim, statement, or other document was delivered to the agency, officer, or office to which addressed," and the date of registration shall be deemed the postmark date. The Secretary of the Treasury is authorized to provide by regulations the extent to which the provisions of section 7502(c)(1) with respect to prima facie evidence of delivery and the postmark date shall apply to certified mail. Sec. 7502(c)(2).

Pursuant to section 7502(c)(2), the respondent has promulgated section 301.7502-1(c)(2) and (d)(1), Proced. & Admin.

---

[6]Prior to the enactment of sec. 7502, courts relied upon the presumption of timely receipt after timely mailing and held that timely mailing would suffice. See *Detroit Automotive Products Corp. v. Commissioner*, 203 F.2d 785 (6th Cir. 1953); *Central Paper Co. v. Commissioner*, 199 F.2d 902 (6th Cir. 1952); *Arkansas Motor Coaches v. Commissioner*, 198 F.2d 189 (8th Cir. 1952).

[7]See also *Foerster v. Commissioner*, T.C. Memo. 1981-32; cf. *Herrera v. Commissioner*, T.C. Memo. 1984-47.

Regs., setting forth the conditions under which the provisions of section 7502(c)(1) apply to certified mail. Section 301.7502-1(c)(2), Proced. & Admin. Regs., provides that "If the document is sent by United States certified mail and *the sender's receipt is postmarked* by the postal employee to whom such document is presented, the date of the United States postmark on such receipt shall be treated as the postmark date of the document." (Emphasis added.) Regarding delivery of the document, subparagraph (1) of paragraph (d) provides—

Section 7502 is not applicable unless the document is delivered by United States mail to the agency, officer, or office with which it is required to be filed. However, if the document is sent by registered mail or certified mail, *proof that the document was properly registered or that a postmark certified mail sender's receipt was properly issued therefor, and that the envelope or wrapper was properly addressed* to such agency, officer, or office shall constitute prima facie evidence that the document was delivered to such agency, officer, or office. [Emphasis added.]

Since neither the original petition nor the photocopy petition was received by the Court on or before August 23, 1984, we must look to section 7502 to determine if either petition is considered to have been timely filed with this Court. Clearly, section 7502 is of no help to petitioners with respect to the photocopy petition which was postmarked subsequent to the statutory 90-day period provided in section 6213(a). In order for petitioners to prevail on this motion, it is necessary that they submit proof to sustain a determination that the original petition is properly before the Court.

According to the regulatory provisions issued pursuant to section 7502(c)(2), it is clear that delivery to the Tax Court is not a requirement when certified mail is used, unlike the case when a document is sent by ordinary mail. Sec. 301.7502-1(d)(1), Proced. & Admin. Regs. However, the requirements of the regulations must be fulfilled before a presumption arises that the petition was timely delivered. As such, petitioners must prove that a timely postmarked certified mail sender's receipt was properly issued and that the envelope or wrapper in which the original petition was mailed was properly addressed. In *Wood v. Commissioner*, 41 T.C. 593 (1964), affd. 338 F.2d 602 (9th Cir. 1964), the

Court interpreted section 301.7502-1(c)(2), Proced. & Admin. Regs., and stated at page 597:

unless taxpayers are held to strict proof of compliance with the statute and regulations, the temptation would be great to conveniently misplace the sender's receipt for certified mail and attempt to prove by virtually uncontestable oral testimony of the sender, who would in most cases be prejudiced, that the receipt was postmarked on time.

The lesson in *Wood* of strict proof of compliance with the statute and regulations is equally applicable to this case.

We have carefully reviewed the record and must conclude that petitioners have submitted no proof that a postmarked certified mail sender's receipt was properly issued in this case, or proof that the envelope or wrapper in which the original petition was mailed was properly addressed to the Tax Court. The documentary evidence submitted by petitioners does not support a finding that they have complied with the regulations. While petitioners offered the affidavits of their counsel and another interested person to prove the petition was timely mailed by certified mail, they failed to produce a copy of their sender's receipt.[8] It is our opinion that under the circumstances of this case—where the petition is never received by the Court—a copy of the postmarked U.S. certified mail sender's receipt which also shows the proper address of the Court must be produced in order for petitioners to be entitled to rely on sec. 301.7502-1(d)(1), Proced. & Admin. Regs., pertaining to prima facie evidence of delivery.[9]

In *Wood v. Commissioner, supra,* we allowed the taxpayers to produce evidence aliunde to establish the postmark date of a petition mailed by certified mail where the petition was received and filed in Court on the 94th day after the notice of deficiency was mailed. In that case, the covering envelope was not postmarked, however, an undated certified mail sticker was attached thereto. The taxpayers in *Wood* were unable to produce their certified mail sender's receipt. At page 597 the Court said, "We are not holding that under

---

[8]See Rule 143(b) which states, "Ex parte affidavits, statements in briefs, and unadmitted allegations in pleadings do not constitute evidence."

[9]Cf. *Shipley v. Commissioner,* 572 F.2d 212 (9th Cir. 1978), affg. an order of dismissal of this Court, where the Court of Appeals held taxpayers were foreclosed from introducing secondary evidence where postmarked certified mail receipt was not introduced in evidence and the envelope bears a legible postmark.

no circumstances can the taxpayer come within section 7502(c)(2) without producing a timely and properly postmarked sender's receipt for certified mail." The Court, on the evidence presented however, dismissed the case for lack of jurisdiction.

This case differs from *Wood* in that the original petition and envelope in which it was mailed were never received by the Court. In such circumstances, where a taxpayer must rely on section 301.7502-1(d)(1), Proced. & Admin. Regs., to establish prima facie evidence that the petition was delivered, we feel compelled to require strict proof. Proof that a postmarked certified mail sender's receipt was properly issued and that the envelope or wrapper was properly addressed is the mandate of the regulations. Respondent's motion will be granted.[10]

> *An appropriate order of dismissal for lack of jurisdiction will be entered.*

---

[10]See and compare *Miller v. United States*, 784 F.2d 728 (6th Cir. 1986), affg. an unreported District Court order. In *Miller* the court considered sec. 7502(c)(1) and affirmed the lower court's dismissal for lack of subject matter jurisdiction because plaintiff's claim for refund was never received by the Internal Revenue Service and it was not sent by registered mail.