LOIS BLUM, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 22853-85.        Filed May 29, 1986.

*Douglas W. Thomson*, for the petitioner.[1]

*Gordon L. Gidlund* and *Will E. McLeod*, for the respondent.

## OPINION

STERRETT, *Chief Judge*: Respondent's motion to dismiss for lack of jurisdiction filed herein was assigned to Special Trial Judge Francis J. Cantrel pursuant to section 7456(d)(4), Internal Revenue Code of 1954 as amended, and Rule 180, Tax Court Rules of Practice and Procedure. After a review of the record, we agree with and adopt his opinion which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

CANTREL, *Special Trial Judge*: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction filed on August 15, 1985. Respondent seeks dismissal on the ground that the petition was not filed within the time prescribed by section 6213(a) or section 7502.[2]

Respondent in his notice of deficiency issued to petitioner on April 3, 1985, determined deficiencies in petitioner's Federal income taxes and additions to the tax for the taxable years 1981 to 1983, inclusive, in the following amounts:

|  |  | Additions to tax, I.R.C. 1954 | | |
| Years | Income tax | Sec. 6653(b) | Sec.6653(b)(2) | Sec.6611 |
| 1981 | $1,217 | $609 | - - - | - - - |
| 1982 | 9,421 | 4,711 | ([1]) | $942 |
| 1983 | 812 | 406 | ([2]) | - - - |

[1] 50% of the interest due on $9,421.
[2] 50% of the interest due on $812.

[1] Mr. Thomson, who is admitted to practice before this Court, subscribed the petition on petitioner's behalf.

[2] All section references are to the Internal Revenue Code of 1954 as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The statutory notice of deficiency was mailed on April 3, 1985, by U.S. certified mail (no. 179,028) to petitioner at her last known address in Center City, Minnesota, pursuant to section 6212. Petitioner duly received the notice of deficiency in time to file a timely petition in this Court.

On July 2, 1985, the 90th day after the notice of deficiency was mailed (and not a Saturday, Sunday, or legal holiday in the District of Columbia) petitioner's attorney delivered or caused to be delivered a petition for redetermination of the deficiencies to an office of the Federal Express Corp. (hereinafter referred to as Federal Express) in St. Paul, Minnesota. A contract of delivery was executed which called for delivery of a copy via satellite ("Zapmail") and express delivery of the original. Pursuant to the delivery terms, the petition was scanned by satellite on July 2, 1985, at 10:58 a.m. in St. Paul, Minnesota, and a copy of the petition was electronically printed in Washington, D.C. The Washington, D.C., office of Federal Express proceeded to tender the electronically transmitted copy to the Court at 12:40 p.m. that same day, however the package was refused by an employee of the Court's mailroom. On July 3, 1985, the petition which the Court now has in this record was hand-delivered to the Court's mailroom by Federal Express. That petition was received and duly filed on July 3, 1985, the 91st day.

Petitioner filed an objection and supplemental memorandum on September 12 and October 29, 1985, respectively, in opposition to respondent's motion to dismiss for lack of jurisdiction now under consideration. Therein petitioner argues that the motion should be denied on the ground that a copy of the petition was timely delivered via Federal Express Zapmail to the Court on the 90th day.[3] Alternatively, petitioner contends that the petition was timely mailed on July 2, 1985, and, therefore, is deemed timely filed pursuant to section 7502(a)(1).

A hearing on respondent's motion was conducted in Washington, D.C., on December 18, 1985. No appearance was made by or on behalf of petitioner. Respondent, by and

---

[3]The Zapmail package, including any documents contained therein, which was refused by the Court on July 2, 1985, is not in evidence. This may be because the package was not returned to petitioner by Federal Express; however, we are speculating since the record is entirely silent on this point.

through his motion and at the hearing, contends that we lack jurisdiction over this matter because petitioner did not timely file the petition in this case within the time prescribed by section 6213(a). Respondent further asserts that the provisions of section 7502 do not apply. On the basis of this record, we must, and do, agree with respondent.

It is clear that this Court has jurisdiction to proceed on the merits of petitioner's case only if we find that a timely petition has been filed.[4] The 90-day filing period is jurisdictional and cannot be extended. *Estate of Cerrito v. Commissioner*, 73 T.C. 896, 898 (1980); *Joannou v. Commissioner*, 33 T.C. 868, 869 (1960); *Rich v. Commissioner*, 250 F.2d 170 (5th Cir. 1957). In resolving this issue we must, at the outset, determine whether the electronically transmitted copy which was tendered to the Court on the 90th day should be regarded as effective for the purpose of establishing jurisdiction, notwithstanding that it does not conform to the Court's Rules.

It is clear to us that petitioner went to the trouble of contracting to have a copy of her petition electronically transmitted and hand-delivered to the Court specifically to meet the 90-day filing requirement. She apparently was unaware, however, of this Court's practice not to receive any electronically transmitted documents. The Court's practice not to receive such documents is based upon a Rule of the Court which has been in existence for over 40 years.

Section 7453 provides that proceedings of the Tax Court shall be conducted in accordance with such Rules of Practice and Procedure (other than Rules of Evidence) as the Court may prescribe. Pursuant to this authorization, we have over many years developed a comprehensive set of Rules which are designed and calculated to increase our efficiency in adjudicating genuine tax disputes. In 1973, the Rules of Practice and Procedure of this Court were substantially revised, adopted, and promulgated, effective January 1, 1974. Therein appeared Rule 34(a)(1) pertaining to petitions in deficiency or liability actions. Rule 34(a)(1), insofar

---

[4]Sec. 6213(a) provides in pertinent part—"Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency."

as it has application to this case provides: "No telegram, cablegram, radiogram, telephone call, or similar communication will be recognized as a petition." This provision, while new to Rule 34, derives from Rule 7, Board of Tax Appeals Rules of Practice and has been a part of our Rules since 1942. See Rule 7, Board of Tax Appeals Rules of Practice (June 1, 1942 rev.)[5] Pursuant to our Rule, it has been the long-standing practice of this Court not to accept any such documents for jurisdictional purposes. See, e.g., *Joannou v. Commissioner, supra* at 870, where more than 26 years ago we said—"The Court tries to be liberal in regarding documents filed with it within the 90-day period as petitions, but it has no right to be liberal in extending its jurisdiction. Rule 7(c)(3) of the Court's Rules of Practice expressly provides that no telegram will be recognized as a petition. *I.J. Rosenberg*, 32 B.T.A. 618."

The record shows that petitioner's electronically transmitted copy was refused by an employee of the Court's mailroom. This action is consistent with the Court's Rules and its practice not to receive any communications that are similar to a telegram, cablegram, or radiogram. This action is also in accord with the Court's Press Release issued September 28, 1984, of which we take judicial notice and reproduce in full below wherein we clarified that the Court will not receive any electronically transmitted documents.[6]

---

[5] As it originally appeared in 1942, Rule 7 provided, in pertinent part—"No telegram, cable, radio, or similar message will be recognized as a petition on and after July 1, 1942." In 1948, the provision was revised to read as it does today. See Rule 7(c)(3), Tax Court Rules of Practice and Procedure (Dec. 15, 1948 ed.) The Note (60 T.C. 1084) to Rule 34(a) states, in part, "The provision of present T.C. Rule 7(c)(3), that certain media for communicating a petition are insufficient, is continued because of the problems of authenticity and definiteness."

The provision not to recognize telegrams, cablegrams, and similar messages was added to the Rules in response to the appellate court decision in *McCord v. Commissioner*, 123 F.2d 164 (D.C. Cir. 1941). See H. Dubroff, The United States Tax Court 413 (1979). In *McCord*, the United States Court of Appeals for the District of Columbia reversed our dismissal of an untimely telegraphic petition. At the time of that decision it was the practice of the Court to receive such petitions and the appellate court concluded that the untimeliness was due to our method of handling that petition.

[6]

UNITED STATES TAX COURT
WASHINGTON, D.C. 20217

September 28, 1984

PRESS RELEASE

Chief Judge Howard A. Dawson, Jr., of the United States Tax Court, announced today that, with respect to electronic mail, the public is cautioned that the United States Tax Court will

It is petitioner's burden to show that the document tendered to the Court on the 90th day was a petition and that this Court has jurisdiction. *Harold Patz Trust v. Commissioner*, 69 T.C. 497, 503 (1977), and cases cited therein. However, petitioner has not presented any evidence or authority to support a finding that the electronically transmitted copy is not a "similar communication" within the meaning of Rule 34(a)(1). We have not previously considered the consequences of tendering a document that is reproduced via satellite; however, we see no basis for according "Zapmail" or any other kind of electronically transmitted mail the authenticity which we have refused to extend to telegrams, radiograms, or cablegrams. We will not accept documents that are the products of such media for jurisdictional purposes.[7] Accordingly, we hold that an electronically transmitted copy of a petition is a communication similar to a telegram, cablegram, radiogram, or telephone call and, therefore, will not be recognized as a

---

not accept from any courier documents electronically transmitted by facsimile process or otherwise. Such documents do not conform with the Court's Rules of Practice and Procedure as to form and style. Anyone facing an imminent deadline is reminded that a United States Postal Service postmark date is controlling for determining timeliness of documents.

[7]Such documents, by their very nature, do not comport with our Rules regarding original, signed documents and do not comply with the specifications for form and style of papers. There are important reasons behind the Rules of Practice and Procedure of this Court which would be entirely lost should we fail to enforce its strictures.

With regard to the form and style of papers, Rule 23, in relevant part, states:

(a) Caption, Date, and Signature Required: All papers filed with the Court shall have a caption, shall be dated, and shall be signed as follows:

\* \* \* \* \* \* \*

(3) Signature: *The original signature, either of the party or his counsel, shall be subscribed in writing to the original of every paper filed* by or for that party with the Court, except as otherwise provided by these Rules. \* \* \*

(b) Number Filed: *For each paper filed in Court, there shall be filed* four conformed copies *together with the signed original thereof* \* \* \*

\* \* \* \* \* \* \*

(g) Return of Papers for Failure to Conform to Rule: *The Clerk may return* [or refuse to accept] *without filing any paper that does not conform* to the requirements of this Rule.
[Emphasis added.]

In addition see Rule 34, pertaining to petitions, which provides in pertinent part—

\* \* \* \* \* \* \*

(b) \* \* \*: *The petition in a deficiency* \* \* \* *action shall contain* \* \* \*:

\* \* \* \* \* \* \*

(7) *The signature* \* \* \* *of each petitioner or his counsel.*

\* \* \* \* \* \* \*

(d) Number Filed: *For each petition filed, there shall be a signed original* together with two conformed copies.
[Emphasis added.]

petition. Rule 34(a)(1). The clerk properly refused to accept the electronically transmitted document on July 2, 1985.

In *Blank v. Commissioner*, 76 T.C. 400 (1981), we considered petitioner's alternative argument and rejected it. We held that section 7502 does not apply when delivery is made by a private delivery service rather than the U.S. Postal Service. 76 T.C. at 407. Accordingly, the petition received and filed by the Court on July 3, 1985, the 91st day, was not timely filed as required by section 6213(a).[8]

Respondent's motion will be granted.

*An appropriate order of dismissal for lack of jurisdiction will be entered.*

---

[8]In closing, we add that petitioner could have mailed an envelope containing the original petition by U.S. ordinary mail or sent it by registered or certified mail as provided in sec. 7502(c) and the regulations issued thereunder. *Estate of Moffat v. Commissioner*, 46 T.C. 499, 502 (1966). Had petitioner properly mailed the petition by U.S. registered or certified mail on July 2, 1985, the petition would have been deemed timely filed whether or not actually received by the Court. Sec. 301.7502-1(d)(1), Proced. & Admin. Regs. *Storelli v. Commissioner*, 86 T.C. 443 (1986). Finally, petitioner has not completely lost her day in Court. She may pay the deficiency, file a claim for refund and, if that claim is denied, or the Commissioner fails to act thereon within 6 months, she may commence an action in the U.S. District Court for the locale in which she resides or the U.S. Claims Court in Washington, D.C., to recover the tax paid. *Drake v. Commissioner*, 554 F.2d 736, 739 (5th Cir. 1977).