CHARLES AND NEREYDA C. SUIVSKI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Suivski v. Commissioner
Docket No. 29844-89
United States Tax Court
T.C. Memo 1990-493; 1990 Tax Ct. Memo LEXIS 545; 60 T.C.M. (CCH) 753; T.C.M. (RIA) 90493; September 12, 1990, Filed Jorge Rodriguez-Chomat, for the petitioners. Linda J. Wise, for the respondent. FAY, Judge. FAY
MEMORANDUM OPINION This case was assigned to Special Trial Judge D. Irvin Couvillion pursuant to the provisions of section 7443A(b)(4) of the Internal Revenue Code of 1986 and Rule 180 et seq. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL *547 TRIAL JUDGE COUVILLION, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. The sole issue for decision is whether the petition was filed more than 90 days after issuance of the notice of deficiency. The Court's findings of fact and opinion have been combined for convenience. Respondent determined a deficiency in Federal income tax for petitioners' 1982 tax year in the amount of $ 15,568, an addition to tax of $ 778 under section 6653(a)(1), an addition to tax of 50 percent of the interest due on the deficiency under section 6653(a)(2), an addition to tax of $ 4,670 under section 6659, and an addition to tax of $ 3,892 under section 6661. The notice of deficiency was issued to petitioners on August 18, 1989. On December 18, 1989, 122 days after issuance of the notice of deficiency, the Court received from petitioners a Tax Court petition, an entry of appearance, and a request for place of trial, all with respect to the notice of deficiency dated August 18, 1989. Petitioners' legal residence was Concord, California, at the time they filed their petition. Attached to these documents was a transmittal letter, dated *548 December 8, 1989, which in pertinent part stated: Enclosed hereto please find copy of Petition, Entry of Appearance and Request for Place of Trial that we filed on Monday, October 30, 1989 via U.S. Certified Mail. We have not yet received a Docket number for same. [Emphasis added.] The petition and other documents enclosed with the transmittal letter were not originals but were photocopies, as acknowledged by the parties. The Court assigned a docket number to the copy of the petition thus received, which docket number is the subject of this motion. No docket number was assigned as to any earlier filing and particularly none with respect to a mailing by petitioners on October 30, 1989, with respect to the notice of deficiency dated August 18, 1989. The Court notified petitioners of the docket number which was assigned to the petition received and filed by the Court pursuant to the mailing received on December 18, 1989. In response to the assignment of a docket number to the December 18, 1989, filing, petitioners advised the Court, in a letter dated January 25, 1990, that the documents sent to the Court and received on December 18, 1989, and filed as originals *549 by the Court were merely copies of original documents which had been previously filed with the Court by transmittal dated October 30, 1989, via certified mail. In this letter, petitioners also stated that a check for the $ 60 filing fee had been submitted with the documents mailed on October 30, 1989; nevertheless, to expedite matters, a second check for $ 60 was being provided. Respondent then filed a motion to dismiss for lack of jurisdiction on the ground that the December 18, 1989, petition was filed more than 90 days after issuance of the notice of deficiency. Petitioners contend that the original petition was mailed on October 30, 1989, via certified mail, prior to expiration of the 90-day period under section 6213(a); that this original was apparently lost in transit or never delivered to the Tax Court through no fault of petitioners; therefore, because timely mailing constitutes timely filing, the petition was timely filed, and this case should not be dismissed. Respondent does not disagree that, if a petition were mailed on October 30, 1989, the case should not be dismissed; however, respondent contends that no such mailing occurred; therefore, the petition was filed on *550 December 18, 1989, and was late. As evidence of timely mailing on October 30, 1989, petitioners submitted what they contend was a copy of the transmittal letter attached to the original petition mailed on October 30, 1989. The letter is dated October 30, 1989, and states that a petition, entry of appearance, request for place of trial, and a check for $ 60 are enclosed, and further requested notification of the docket number assigned to the case. Stapled to this letter was a Postal Service Form 3800, Receipt for Certified Mail, which is a white mailing receipt measuring 2-7/8 inches by 4-1/2 inches. The Form 3800 bears a handwritten date of "10/30/89" in the upper right-hand corner and a serial number of "P 827 397 629." This information was inscribed by the secretary for petitioners' counsel. The space designated for the official Postal Service postmark or date stamp is blank. Petitioners presented the testimony of the secretaries of the attorney who prepared the petition to develop the circumstances surrounding the preparation and mailing of the October 30, 1989, petition. With respect to preparation, these witnesses testified that the attorney's schedule book showed that *551 he drafted the petition on October 29, 1989; that the attorney gave it to the secretary to work on it on October 30, 1989; and that the secretary prepared the petition and other documents that day on her word processing equipment. With respect to mailing, these witnesses testified that the certified mail forms were prepared by them; that a green return receipt request was attached to the mailing envelope; that the proper postage was placed on the envelope by the office's postal meter; and that the envelope was placed in the mailbox outside, in front of the office building, at approximately 5:00 in the afternoon on October 30, 1989. Section 6213(a) provides in pertinent part that a petition is timely if filed within 90 days after issuance of the notice of deficiency. Failure to file within the 90-day period deprives this Court of jurisdiction. Blank v. Commissioner, 76 T.C. 400, 403 (1981).Where the petition is not actually received by this Court within the 90-day period, as in this case, section 7502 must be relied upon to establish the timeliness of the petition. If section 7502 is inapplicable, or if the requirements thereof are not satisfied, the petition *552 is not timely. Sylvan v. Commissioner, 65 T.C. 548, 550 (1975).The burden of proving that this Court has jurisdiction is upon petitioners. Cassell v. Commissioner, 72 T.C. 313, 317 (1979). Under section 7502, a petition properly mailed to this Court within the 90-day period but delivered after expiration thereof is considered timely. Section 7502(a)(1) and (d). The provisions of section 7502 are applicable only if both the mailing and delivery requirements are satisfied. Section 301.7502-1(a), Proced. and Admin. Regs. With respect to mailing, proper mailing is accomplished if (1) the petition is contained in a properly addressed envelope or wrapper, (2) the petition is deposited within the prescribed time in the domestic mail service of the United States Post Office with sufficient postage prepaid, and (3) the postmark on the envelope or wrapper made by the United States Post Office bears a date within the applicable 90-day period. Section 7502(a)(2); section 301.7502-1(c), Proceed. and Admin. Regs. All three of these requirements must be satisfied in order to establish proper mailing. With respect to the postmark date, if the petition *553 is sent by certified mail, as is petitioners' contention in this case, and the sender's receipt (Postal Service Form 3800 - the white mailing receipt) is postmarked by the postal employee to whom such document is presented, the date of the United States postmark on such receipt shall be treated as the postmark date of the petition. Section 301.7502-1(c)(2), Proceed. and Admin. Regs. However, petitioners did not obtain a Postal Service postmark on their sender's receipt; therefore, the postmark on the envelope or wrapper is the relevant postmark date. That brings the question to the second prerequisite to applicability of section 7502, the delivery requirement. It is well established that section 7502 does not apply unless the delivery of the petition to the Tax Court by United States mail is in fact accomplished. Section 7502-1(d)(1), Proced. and Admin. Regs.; Deutsch v. Commissioner, 599 F.2d 44 (2d Cir. 1979), affg. an unreported order of this Court, cert. denied 444 U.S. 1015 (1980); Storelli v. Commissioner, 86 T.C. 443, 446 (1986). [2] However, proof that "a postmark certified mail sender's receipt was properly issued," accompanied *554 by proof that the envelope or wrapper was properly addressed, constitutes prima facie evidence that the petition was delivered. Section 301.7502-1(d)(1), Proced. and Admin. Regs. In Storelli v. Commissioner, supra, this Court held that strict compliance with section 7502 and the regulations thereunder is required; therefore, the copy of a postmarked certified mail sender's receipt must be produced in order to rely on the exception to actual delivery contained in section 301.7502-1(d)(1), Proced. and Admin. Regs. Because the taxpayers in Storelli v. Commissioner, supra, failed to produce a receipt, the exception was inapplicable. Petitioners failed to obtain a postmarked certified mail sender's receipt in this case. Section 301.7502-1(d)(1), Proced. and Admin. Regs., expressly requires a postmarked sender's receipt. Accordingly, there was no prima facie proof *555 of delivery. Moreover, the evidence adduced at the hearing establishes to the Court's satisfaction that there was in fact no delivery to this Court of the October 30, 1989, mailing. The green return receipt card evidencing delivery was never mailed back to petitioners' counsel; the $ 60 check enclosed with the October 30, 1989, letter was never negotiated; and counsel for petitioners never requested the United States Postal Service to trace, locate, or otherwise determine what happened to the October 30, 1989, mailing. The savings provision of section 301.7502-1(d)(1), Proced. and Admin. Regs., therefore, cannot apply because delivery was not established. Accordingly, petitioners failed to establish, under section 7502, that they timely filed their petition. Respondent's motion, therefore, will be granted. An appropriate order will be entered. Footnotes
1. Unless otherwise indicated, all section references hereafter are to the Internal Revenue Code of 1986, as amended and in effect at the time of the issuance of the notice of deficiency. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. See also Benrey v. Commissioner, T.C. Memo. 1986-135↩, and cases cited therein.