KEITH DAREEL GOINES, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Goines v. Comm'r
Docket No. 18198-14.
United States Tax Court
2014 U.S. Tax Ct. LEXIS 58; December 30, 2014, Decided
*58 For Respondent: William J. Gregg, Washington, DC.
Michael B. Thornton, Chief Judge.
Michael B. Thornton
ORDER OF DISMISSAL FOR LACK OF JURISDICTION
On October 23, 2014, respondent filed in the above-captioned case a Motion To Dismiss for Lack of Jurisdiction, on the ground that the petition was not filed within the time prescribed by section 6213(a) or 7502 of the Internal Revenue Code (I.R.C.). Respondent attached to the motion copies of a notice of deficiency for taxable year 2012 and the corresponding certified mail list, as evidence of the fact that the notice was sent to petitioner by certified mail on June 24, 2013.
The petition was filed with the Court on August 4, 2014, which date is 406 days after the notice of deficiency for tax year 2012 was mailed to petitioner. The petition was hand delivered to the Court on the August 4, 2014, date.
This Court is a court of limited jurisdiction. It may therefore exercise jurisdiction only to the extent expressly provided by statute. Breman v. Commissioner, 66 T.C. 61, 66 (1976). In a case seeking the redetermination of a deficiency, the jurisdiction of the Court depends, in part, on the timely filing of a petition by the taxpayer. Rule 13(c), Tax Court Rules of Practice and Procedure; Brown v. Commissioner, 78 T.C. 215, 220 (1982). In this regard, section 6213(a), I.R.C., provides that the petition must be filed with the Court within 90 days, or 150 days *59 if the notice is addressed to a person outside the United States, after the notice of deficiency is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day). The Court has no authority to extend this 90-day (or 150-day) period. Joannou v. Commissioner, 33 T.C. 868, 869 (1960). However, if the conditions of section 7502, I.R.C., are satisfied, a petition which is timely mailed may be treated as having been timely filed.
In the present case, the time for filing a petition with this Court expired on September 23, 2013. However, the petition was not filed within that period.
Petitioner was served with a copy of respondent's motion to dismiss and, on November 24, 2014, filed an objection. In that document, petitioner stated that he had never received any documentation indicating that moneys were owed. More broadly, he likewise suggested that he had received no correspondence or communications from the Internal Revenue Service (IRS) in the nearly two years following the 2012 tax year, despite alleged attempts by petitioner to contact the IRS regarding the status of an expected refund.
Such statements, coupled with the fact that the notice of deficiency was sent to an address in Bowie, Maryland, rather than to petitioner's *60 current address of record in Fort Washington, Maryland, potentially raised the question of whether the notice of deficiency was properly mailed to petitioner's last known address. By Order dated December 2, 2014, the Court directed respondent to file a response to petitioner's objection. Respondent so filed a response on December 18, 2014, focusing on the issue of proper mailing. Therein, respondent explained, and provided attached transcript documentation supporting, that the address used on the notice of deficiency was identical with that used by petitioner on petitioner's 2012 tax return, the return most recently filed before the issuance of the notice on June 24, 2013. Additionally, respondent indicated that IRS records did not show that petitioner had provided notice of change of address to IRS between the date the 2012 return was filed and June 24, 2013. Rather, IRS transcripts reflected a change to the Fort Washington address only occurring during the cycle from February 21 to 27, 2014. In that regard, it is noteworthy that petitioner in the objection and other filings has at no time claimed to have notified the IRS about a new address prior to the notice's mailing.
A notice *61 of deficiency is sufficient if it is mailed to the taxpayer's last known address. Seesec. 6212(b)(1), I.R.C. In King v. Commissioner, 857 F.2d 676, 680 (9th Cir. 1988), aff'g88 T.C. 1042 (1987), the Court of Appeals stated that by "establishing a presumption that the taxpayer's 'last known address' is the address on his/her most recent return, we provide a clear starting point for the IRS' s determination. A notice of deficiency mailed to that address will be sufficient, unless the taxpayer subsequently communicates 'clear and concise' notice of a change of address." See alsosec. 301.6212-2(a), Proced. & Admin. Regs. Moreover, in such circumstances, the 90-day period prescribed in section 6213(a), I.R.C., is computed by reference to the date the notice of deficiency "is mailed" by certified mail, not the date of attempted delivery, availability, or actual receipt.
Here, the record is devoid of any evidence or claim to suggest that petitioner at any relevant time prior to the June mailing gave the IRS "clear and concise" notice of any other address. Thus, while the Court is sympathetic to petitioner's circumstances, the record lacks any indication of impropriety in the sending of the notice, and, hence, the law permits no remedy.
The Court has no authority to extend that period provided by law for filing a petition "whatever *62 the equities of a particular case may be and regardless of the cause for its not being filed within the required period." Axe v. Commissioner, 58 T.C. 256, 259 (1972). Accordingly, since petitioner has failed to establish that the petition was mailed or filed within the required period, this case must be dismissed for lack of jurisdiction.
The premises considered, it is
ORDERED that respondent's Motion To Dismiss for Lack of Jurisdiction is granted, and this case is dismissed for lack of jurisdiction.
(Signed) Michael B. Thornton
Chief Judge
ENTERED: DEC 30 2014